FIELDS et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 26, 1915.)

No. 1311.

1. CRIMINAL LAW ⊜413—EVIDENCE—MATERIALITY.
    The exclusion of a question, asked of the arresting officer on cross-examination as to what defendants said when arrested, *held* not error, where they testified fully in denial of the charge.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 928–935; Dec. Dig. ⊜413.]

2. CRIMINAL LAW ⊜359—EVIDENCE—MATERIALITY.
    On trial of defendants for operating an illicit still, testimony offered to show that other persons lived in the vicinity of the still, and that there

───────────────────────
⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

were paths between their houses and the still, *held* properly excluded, as immaterial, in the absence of any evidence that any of such persons operated the still.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 789, 790; Dec. Dig. ☞359.]

3. WITNESSES ☞277—IMPEACHMENT—ACCUSED AS WITNESS IN CRIMINAL PROSECUTION—FORMER CONVICTION.

Where defendants, charged with operating an illicit still, testified in their own behalf, it was not error to require them on cross-examination to admit that they had previously been convicted and sentenced for a similar offense.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 925, 979–983; Dec. Dig. ☞277.]

4. CRIMINAL LAW ☞829—TRIAL—INSTRUCTIONS.

Refusal of a requested instruction in a criminal prosecution *held* not error, where it was fully covered by the charge given.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2011; Dec. Dig. ☞829.]

In Error to the District Court of the United States for the Western District of Virginia, at Big Stone Gap; Henry A. Middleton Smith, Judge.

Criminal prosecution by the United States against Aaron Fields and Alvin Kiser. Judgment of conviction, and defendants bring error. Affirmed.

S. H. Sutherland, of Clintwood, Va. (T. L. Sutherland, of Lebanon, Va., and Geo. C. Sutherland, of Clintwood, Va., on the brief), for plaintiffs in error.

Joseph H. Chitwood, Asst. U. S. Atty., of Roanoke, Va. (R. E. Byrd, U. S. Atty., of Richmond, Va., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

KNAPP, Circuit Judge. The plaintiffs in error (defendants below) were found guilty by the jury of illicit distilling, and sued out this writ of error to review the judgment of conviction.

On the trial, in August, 1914, it appeared from the government's evidence that E. H. Miller, deputy collector of internal revenue, M. P. Colley, a deputy marshal, and J. K. Colley, a posse man, having learned of an illicit distillery in Dickenson county, Va., went to the locality on the morning of September 11, 1913, to investigate. Arriving in the vicinity of the still, they took their position at a point where it was within sight, though at some distance away, and saw two men moving about there, apparently at work, but were not near enough to distinguish their faces or otherwise recognize them. After keeping up this watch for some 25 minutes they returned up the hill, in the direction from which they had come, for the purpose, as the record indicates, of crossing a fence, which extended down a ridge between the still and the place where they had been watching, and then going down a path through the pasture in which the still was located, in a sort of ravine

or "gulley," as it is described. In making this maneuver they were out of sight of the still for something like two minutes. As they proceeded down this path they met the defendants at a point about 150 to 170 feet from the still, and where it could not be seen, and placed them under arrest. A moment afterwards one of the officers ran down to the still, which was found deserted, but in full operation.

The principal questions presented by the assignments of error are the following:

[1] 1. The witness M. P. Colley, who testified for the government to the foregoing facts in substance, was asked on cross-examination what the defendants said, as to what they were doing and where they were going, when they were arrested. The avowed purpose of this inquiry was, first, to explain the presence and conduct of the defendants at the time they were apprehended; and, second, to show that their tones of voice, or some exclamation by them, could be heard at the still, and thus give warning to any one there to disappear. The trial court sustained the government's objection and excluded the testimony.

We perceive no error in this ruling. The defendants were not in doubt as to the cause of their arrest and the offense with which they were charged, and any statements made by them at the time would be merely self-serving declarations, which were inadmissible under familiar rules of evidence. They testified fully in denial of their connection with the still, but could not deny that they had just left it, while the condition of their clothing, and certain articles found in their possession, gave some indication that they had been engaged in its operation. Moreover, the witness Hammond testified that he was operating the still, and fled when he heard the voices of the defendants and the government officers at the moment the arrest was made.

[2] 2. On his examination as a witness for the defendants, Johnny Kiser was asked where Kerran Hammond, Johnnie Johnson, and other persons lived; the declared purpose being to show that Johnson lived nearer than the defendants to this still, and that other persons in the neighborhood had the same opportunity to operate it. But the testimony was rejected on the government's objection; the trial court also ruling:

"That it would not permit the defendants to prove that there were other paths leading to and from the distillery, or the number of people that lived in the neighborhood, or their opportunity to have operated the distillery, but that it would permit the defendants to prove by any competent testimony that persons other than the defendants did actually own and operate the distillery."

We are of opinion that this evidence was properly excluded. The mere fact that other persons lived near the still, and that there were paths between it and their houses, did not tend to exculpate the defendants, in the absence of testimony indicating that such persons, or some of them, were actually carrying on the illicit distilling. In short, all the material facts were disclosed to the jury, and we are unable to see that the defendants were prejudiced by the rejection of the particular testimony called for by the question here considered.

[3] 3. We cannot sustain the contention that it was error to require the defendants to admit on cross-examination the fact of their previous

conviction and punishment for similar offenses. The trial court was careful to explain to the jury that this proof was admitted solely for its bearing upon the credibility of defendants as witnesses in their own behalf, and we are clearly of opinion that it was competent for that purpose. To hold otherwise is to hold that fraud upon the government by violation of its revenue laws does not involve moral delinquency, which is the test of admissibility in such case, and we are not prepared to indorse the proposition that no reflection is cast upon the character of a witness by proof that he has been convicted of cheating the government. State v. Prater, 52 W. Va. 132, 43 S. E. 230; Southern Railway Co. v. Blanford, 105 Va. 390, 54 S. E. 1.

[4] 4. The defendants allege that it was error for the trial court to refuse to give the jury the following instruction:

"The court tells the jury that, where the evidence relied on for a conviction is wholly circumstantial, it must be of such a character as to preclude every reasonable hypothesis inconsistent with the guilt of the accused. It is not enough that the mystery of the crime cannot be solved from the evidence except upon the supposition of the defendant's guilt. The facts proven must be susceptible of explanation upon no reasonable hypothesis consistent with his innocence."

The record indicates that this instruction was refused as inapplicable and misleading, for the reason that the "government did not rely upon circumstantial evidence alone, but upon positive testimony as well," and this is said to have emphasized the alleged error, because it is strenuously insisted that the evidence against the defendants was wholly circumstantial. Assuming that they are right in contending that there was no direct or positive evidence of their guilt, and that refusal to give the quoted instruction could not be justified on the ground stated, we are nevertheless of opinion that the asserted error was corrected by subsequent portions of the charge, which go to the full extent of the defendants' request, as appears from the following paragraph:

"That to find the defendants guilty the facts, as they should find them proved under the testimony, must be susceptible of explanation upon no reasonable hypothesis consistent with their innocence, and that circumstantial evidence should be received with the greatest care and applied with the utmost caution; that it is never sufficient that the greater weight of probability of evidence supports the charge in the indictment. The facts proven must not only be consistent with the defendants' guilt, but inconsistent with their innocence; that suspicion or probability of guilt, however strong, is not sufficient, and it is the actual exclusion of every reasonable hypothesis than that the defendants are guilty which justifies a verdict of guilty."

In view of this clear and unequivocal direction, we are convinced that reversible error cannot be predicated upon the assignment here considered.

The other questions raised by defendants do not appear to have sufficient merit to require discussion, and we are therefore constrained to hold that the judgment of conviction should be affirmed.