## GORDON v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 24, 1918.)

No. 3214.

1. CRIMINAL LAW ⬥369(1)—EVIDENCE—OTHER OFFENSES.
   Evidence of other offenses, and independent crimes and convictions, are incompetent to establish the guilt of an accused.

2. CRIMINAL LAW ⬥376—EVIDENCE—BAD CHARACTER.
   Unless the accused has introduced evidence of his good character, the prosecution cannot introduce evidence of his bad character and habits as part of its case.

3. WITNESSES ⬥337(5)—IMPEACHMENT OF ACCUSED—OTHER OFFENSES.
   Where accused took the stand in his own behalf, he could be impeached, like any other witness, by proof of his prior conviction of an offense, which Penal Code, § 335, made a felony; the evidence being restricted to that purpose.

In Error to the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Robert Lee Gordon was convicted of violating Rev. St. § 3258 (Comp. St. 1916, § 5994), by having in his custody and control a distilling apparatus, etc., and he brings error. Affirmed.

Chas. Akerman, of Macon, Ga., for plaintiff in error.
E. M. Donalson, U. S. Atty., of Macon, Ga.

Before WALKER and BATTS, Circuit Judges, and SHEPPARD, District Judge.

SHEPPARD, District Judge. The plaintiff in error, Robert Lee Gordon, was tried and convicted in the Southern district of Georgia on the usual indictment of four counts for a violation of section 3258 of the Revised Statutes (Comp. St. 1916, § 5994), namely, having in his custody and control and set up a distilling apparatus in violation of statute, and with operating, etc., a distillery for which no bond had been given to the United States in conformity to law. During the progress of the trial the defendant volunteered as a witness in his own behalf, and on cross-examination by the United States Attorney was confronted by the record of a previous conviction for the same offense in the same court two years before, to which objection was made, and exception taken to the order of the judge overruling the objection. This exception constitutes the only assignment on this writ of error.

[1, 2] The plaintiff in error complains that the admission of this evidence went to impeach the character of the defendant and was strongly prejudicial to his defense in the trial. That evidence of other independent crimes and convictions to establish the guilt of an

accused are incompetent is well settled. Dyar v. United States, 186 Fed. 614, 108 C. C. A. 478, and cases cited. And it also is true that, unless the accused has introduced evidence of good character, the prosecution cannot introduce evidence of his bad character and habits as part of its case. Thompson v. Bowie, 4 Wall. 463, 18 L. Ed. 423; Williams v. United States, 168 U. S. 382, 18 Sup. Ct. 92, 42 L. Ed. 509.

[3] When, however, the defendant in a criminal trial in a United States court takes the stand as a witness in his own behalf, he does so at his own election, and, by the federal practice, as a witness he becomes subject to all the rules and tests applicable to any other witness, and to test his credibility he may be interrogated as to all matters affecting his credibility. He may be impeached, like any other witness, by proving that he has been convicted of a felony; the punishment provided in the statute for the offense of which the plaintiff had previously been convicted made it a felony. Section 335, Federal Penal Code (Act March 4, 1909, c. 321, 35 Stat. 1152 [Comp. St. 1916, § 10509]). It is well for the judge to instruct the jury as to the limitations of such evidence, that it is not to be considered as proof that the accused is guilty of the offense of which he is charged, but only to affect his credibility as a witness. The record shows that the trial judge safeguarded the rights of the defendant with a proper instruction as to the effect of the previous conviction.

There was no error in the admission in evidence of the record of defendant's previous conviction for the purpose it was offered, circumscribed as it was with an appropriate instruction to the jury. 5 Ency. of Supreme Court Reports, 128; Reagan v. United States, 157 U. S. 301, 15 Sup. Ct. 610, 39 L. Ed. 709; Caminetti v. United States, 242 U. S. 493, 37 Sup. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168.

The judgment, therefore, must be affirmed; and it is so ordered.