### KRASHOWITZ v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. July 5, 1922.)

No. 1967.

1. **Criminal law ⬅1202(7)—Defendant, charged with second offenses, not prejudiced by reading of former indictment, containing count in addition to one under which he pleaded guilty.**

Where defendant was charged with second offenses under the National Prohibition Act, he was not prejudiced by the reading of the former indictment, though it contained a count in addition to the one under which he pleaded guilty, where the government showed that such other count was nol. prossed.

2. **Witnesses ⬅337(6)—Defendant, charged with violating liquor laws, may be cross-examined as to other like offenses.**

On a trial for violating the liquor laws of the United States, defendant may be asked on cross-examination as to his guilt of other like offenses on the issue of his credibility.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Witnesses ⟨⇒52(7)—Defendant's wife cannot testify for him on criminal trial.**
On a criminal trial in the federal court, defendant's wife cannot testify in his behalf.
**4. Criminal law ⟨⇒404(1), 656(1)—Refusal to permit exhibition of leg to show disability of defendant, and statement by court regarding disability, not erroneous or improper.**
Where defendant claimed he was disabled when offense was alleged to have been committed in July, but admitted on cross-examination that he attended court in W. on August 30, and then walked with some assistance, court's refusal to permit him to exhibit his leg to the jury, and his statement that he wanted the record to show that defendant came to W. on August 31 in response to an order of the court, and was then able to walk, was not erroneous or improper.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

A. J. Krashowitz was convicted of offenses, and he brings error. Affirmed.

B. J. Pettigrew, of Charleston, W. Va., F. N. Alderson, of Summersville, W. Va., and J. S. Horan, of Charleston, W. Va., for plaintiff in error.

J. N. Kenna, Asst. U. S. Atty., of Charleston, W. Va. (Elliott Northcott, U. S. Atty., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and WEBB, District Judge.

KNAPP, Circuit Judge. A. J. Krashowitz, plaintiff in error, herein referred to as defendant, was tried on an indictment containing three counts. The first two charge him with second offenses under the National Prohibition Act (41 Stat. 305), one for unlawfully manufacturing intoxicating liquor, and the other for unlawfully possessing intoxicating liquor, both after a former conviction; the third count charges him with maintaining a common nuisance as defined by that Act. The jury found him guilty of the unlawful possession of intoxicating liquor after a previous conviction for the same offense, and of maintaining a common nuisance as charged. Sentence of fine and imprisonment followed.

As the sufficiency of the evidence to sustain the verdict is virtually conceded, we omit a recital of the facts and turn at once to the grounds relied upon for a reversal of the judgment.

[1] The former indictment was allowed to be read into the record, and this is urged as error, because it charged another offense besides the possession of intoxicating liquor, to which the defendant had pleaded guilty. The contention plainly is without merit, and especially so as the government showed by the record of the former trial that the other count of the indictment was nol. prossed. It is impossible to see that defendant was prejudiced by anything which occurred in this connection.

[2] On cross-examination defendant was asked about other and unrelated violations of the liquor laws, and this also is claimed to be

error. But the rule is well settled, and this court has more than once held, that on the trial of an indictment for violating the liquor laws of the United States the defendant may be asked on cross-examination if he has not been guilty of other like offenses, on the issue of his credibility as a witness. Fields v. United States, 221 Fed. 242, 245, 137 C. C. A. 98; Christopoulo v. United States, 230 Fed. 788, 791, 145 C. C. A. 98; Wharton's Crim. Evidence, p. 1666; 1 Wigmore, p. 444.

[3] Another exception is based on the refusal of the trial court to permit defendant's wife to testify in his behalf. But Jin Fuey Moy v. United States, 254 U. S. 189, 41 Sup. Ct. 98, 65 L. Ed. 214, which the court followed, is conclusive that the ruling was right, and discussion would be quite out of place.

[4] The remaining assignments of error relate to the refusal to allow defendant to exhibit his injured leg to the jury, and to certain remarks of the court in that connection. A brief statement will explain. The unlawful acts of which defendant is accused are alleged to have been committed in July, 1921. He was indicted at the term held at Webster Springs on the 30th of August of that year, and tried at a term held in Charleston in the following December. His defense in part was that he could not have committed the acts charged, because at the time stated he was "absolutely unable to be out of bed, for over a month previous to that," on account of an infection of his leg caused by stepping on a rusty nail. In corroboration of this he offered to show his leg to the jury, whereupon the court said:

"We are not interested in the condition of the leg at all, and are not trying him 'for having a sore 'leg but for some other matters. * * * He was at Webster Springs, and went to the train away back there last August. * * * I want the record to further show that this defendant came to Webster Springs the 31st day of last August, or 1st day of September, in response to an order of the court, the marshal bringing him there, and that he was able to walk at that time."

On cross-examination defendant admitted that on the occasion referred to he went to Webster Springs, and that with some assistance he had walked from his place of business in Richwood to the railroad station. We are unable to see any error in the ruling complained of, or any impropriety in the remarks of the court. In view of defendant's admission, to say nothing of other reasons, the condition of his leg at the time of the trial was plainly irrelevant; and the learned judge had the undoubted right to make the comment quoted, and to call attention to a pertinent fact within his own observation. Horning v. District of Columbia, 254 U. S. 135, 41 Sup. Ct. 53, 65 L. Ed. 185.

Of the general charge, in the brief and argument of counsel, that defendant did not have a fair trial, it is enough to say that we find nothing of record which supports the contention.

Affirmed.