### NUTTER v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 18, 1923.)

No. 2087.

**1. Criminal law ⬄37—Sale of narcotics to addict held not entrapment.**

Conviction of selling narcotics would not be set aside on the ground that accused was tempted or entrapped into selling, where the government's inspector merely sent an addict, who testified that he had bought drugs from accused a hundred times before, to make another purchase under conditions which would enable the government to offer corroborative proof that the sale had been made.

**2. Criminal law ⬄1059(2)—General exception to charge as a whole raises no reviewable question.**

An exception taken to the charge as a whole, without any specification as to what was supposed to be wrong about it, raises no reviewable question.

**3. Witnesses ⬄337(5), 345(1)—Credibility may be tested by previous convictions.**

When an accused tenders himself as a witness, his credibility may be tested by asking him as to previous convictions; and, similarly, a witness against him may be cross-examined in like fashion.

In Error to the District Court of the United States for the Northern District of West Virginia, at Elkins; William E. Baker, Judge.

Thomas L. Nutter was convicted of selling morphine, and brings error. Reversed.

Frank M. Powell, of Clarksburg, W. Va. (J. Philip Clifford, of Clarksburg, W. Va., on the brief), for plaintiff in error.

T. A. Brown, U. S. Atty., of Parkersburg, W. Va., and W. C. Grimes, Asst. U. S. Atty., of Keyser, W. Va.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

ROSE, Circuit Judge. The plaintiff in error, defendant below and so designated here, was tried on an indictment of five counts, charging as many forbidden sales of morphine to that number of different people. He was acquitted on all but the first, which alleged that he had made a sale to one Ace Williams. On that he was convicted, and to reverse the resulting judgment he has sued out this writ of error.

[1] Williams was an addict. He was searched by a government officer to make sure that he had no drugs on his person, given $4, and sent to buy morphine from the defendant. According to his story, the defendant told him that he had none of the drug at the moment, but, if he would come back a few hours later, his wants would be supplied. All this Williams reported to the government inspector,

at whose instance he had sought to make the purchase. He was sent back at the time named by the defendant, being again searched just before he entered the defendant's office. This time he says the defendant gave him the morphine and was paid for it. The defendant denies that any sale whatever was made, or that any drugs passed. Nevertheless his learned counsel claims here, as he did below, that the conviction should be set aside, because, as is alleged, the defendant was tempted or entrapped into doing what the jury found that he did. Such contention ignores, not only his own testimony that all of Williams' story was false, but the evidence of Williams that he had bought drugs from the defendant a hundred times before. Under such circumstances there was nothing of illegitimate entrapment or procurement in the government inspector's sending him to make the one hundred and first purchase under conditions which would enable the United States to offer corroborative proof that the sale had been made.

[2, 3] He now assigns various errors in the charge of the court to the jury. The only exception taken at the trial to the charge was to it as a whole, without any specifications as to what was supposed to be wrong about it. That was far too general to raise any question which can be here reviewed. The remaining two assignments may be considered together, as the same principle of law is involved in each. The defendant, who testified in his own behalf, says that the court should have sustained his objection to the question of the government, in cross-examination, as to whether he had not been previously convicted in the court below of selling morphine, and should have overruled the government's objection to the interrogatory which his counsel, in cross-examining Williams, put to that witness as to whether he was not the same person who in 1903 was convicted of felony in the circuit court of Braxton county, W. Va., and sentenced to three years in the penitentiary. Both questions were proper, and objection should not have been sustained to either. When a defendant tenders himself as a witness, his credibility may be tested by asking him as to previous convictions. Tierney v. U. S. (C. C. A.) 280 Fed. 322; MacKnight v. U. S. (C. C. A.) 263 Fed. 833–840; Krashowitz v. U. S. (C. C. A.) 282 Fed. 600. This may be done in spite of his being the defendant, because he has elected to make himself a witness and may be cross-examined as such. But for that very reason it necessarily follows that the principal witness against him could be cross-examined in like fashion.

In view of the importance of the testimony of Williams, and of the sharp conflict of veracity between him and the defendant, it is impossible to hold that the error in restricting his cross-examination in the respect mentioned was not both substantial and harmful.

Reversed.

WADDILL, Circuit Judge. I concur in the conclusion reached in this case that there should be a reversal.