### WHEELER v. UNITED STATES.*

(Circuit Court of Appeals, Fifth Circuit. October 25, 1923.)

#### No. 4213.

1. **Obstructing justice ⬩⇒7—Matter held immaterial to issues under indictment.**
   Under an indictment charging defendant with assault on a prohibition agent while the latter was searching for persons having in possession or transporting intoxicating liquor, it need not be alleged or proved that the agent had a search warrant, where there is no claim that defendant or his property was being searched.

2. **Witnesses ⬩⇒337(5)—Defendant, as witness, may be asked as to former convictions.**
   Where a defendant takes the stand in his own behalf, he may be asked on cross-examination, for the purpose of impeachment, if he was not previously convicted of a felony.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Criminal prosecution by the United States against Thomas R. Wheeler. Judgment of conviction, and defendant brings error. Affirmed.

Neil Sterne, of Anniston, Ala., and Tyler Goodwyn, of Montgomery, Ala., for plaintiff in error.

C. B. Kennamer, U. S. Atty., of Guntersville, Ala., and Jim C. Smith, Asst. U. S. Atty., of Birmingham, Ala.

Before WALKER and BRYAN, Circuit Judges, and CALL, District Judge.

BRYAN, Circuit Judge. The defendant, Thomas R. Wheeler, was convicted on an indictment under section 65 of the Penal Code (Comp. St. § 10233), charging him with an assault upon one Ferguson, an officer of the internal revenue, while that officer, in the execution of his duty, was engaged "in making search for persons having in their possession and transporting and conveying illicit spirits, to wit, whisky."

A demurrer was interposed to the indictment, and objection was made to any evidence in support thereof, upon the ground that the indictment fails to allege that the revenue officer had a search warrant. The evidence for the government discloses that Ferguson and Allison, two prohibition agents and deputy collectors of internal revenue, and several others, were in search of persons who might be transporting intoxicating liquor in automobiles. Ferguson and some of the officers were on one road, and Allison and other officers on another. About dark Allison's party was fired upon from ambush. Ferguson came to their as-

sistance. A bloodhound was secured, and tracks were discovered leading to defendant's house. The defendant was taken into custody, and assaulted Ferguson with a knife while the latter was experimenting to ascertain whether defendant's shoes fitted into the tracks leading away from the scene of the shooting.

[1] The defendant became a witness in his own behalf, and on cross-examination was compelled to answer over his objection whether he had been previously convicted of a felony by violating the internal revenue laws. The answer was in the affirmative. It was not necessary either to allege or to prove that the revenue officer was armed with search warrants while he was on the public highway in an effort to ascertain whether the law was being violated by persons having in their possession or transporting intoxicating liquors. The question of the right to search automobiles for the purpose of arresting persons violating the prohibition law is not involved. That question could be raised only by persons whom the officers might have attempted to search. It was of no concern to the defendant, against whom the right to make such a search was not asserted. The contention that an officer cannot be engaged in the performance of his duty to prevent violations of the prohibition law unless he is armed with a search warrant is without merit. National Prohibition Act. tit. 2, § 26 (41 Stat. 315). We are of opinion, therefore, that no error was committed in overruling the demurrer, and in admitting evidence that the officer was engaged in searching for persons who were violating the National Prohibition Act.

It is contended that there is a variance between allegation and proof, in that the indictment alleges that Ferguson was engaged in a search for persons having liquor in their possession, while the proof shows that at the time of the assault he was engaged in collecting evidence against the defendant. We think the contention is untenable. The officers had not discontinued their search for persons violating the prohibition law merely because at the moment of the assault upon Ferguson they happened to be temporarily and incidentally engaged in an attempt to identify the persons who previously had fired upon some of them.

[2] The action of the court in overruling defendant's objection to the question which elicited from him the answer that he had been previously convicted of a felony is also assigned as error. The question was permissible on cross-examination, for the purpose of impeaching the defendant. Gordon v. United States, 254 Fed. 53, 165 C. C. A. 463; 1 Zoline's Federal Criminal Law and Procedure, 306.

Error is not made to appear by any of the assignments, and the judgment is affirmed.