## JONES v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 8, 1924.)

### No. 2086.

1. **Indictment and information** ⊗═176—**Date of possession need not be proved as laid.**

    A charge of having in possession liquor on a specified date is supported by proof of possession at any time before the finding of the indictment.

2. **Criminal law** ⊗═1169(1)—**Judgment fully supported by competent evidence not reversible for admission of incompetent evidence.**

    Where a charge is conclusively proved, the judgment will not be reversed for error in admitting other evidence.

3. **Criminal law** ⊗═395—**Searches and seizures** ⊗═7—**Search of yard of habitual offender by prohibition agents held not unreasonable.**

    Where there had been numerous convictions of defendant for violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) by sale of liquor in his store, entry of prohibition agents, without a search warrant, into his yard, where they found bottles and a keg, *held* not an unreasonable search, which rendered such articles inadmissible in evidence.

4. **Searches and seizures** ⊗═7—**Defendant's rights not violated by search of building of which he disclaims possession.**

    Search of a building of which defendant disclaims possession was not a violation of his constitutional rights.

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

**5. Witnesses ⬳337(5)—Permitting cross-examination of defendant as to similar offenses held not error.**

> It was not error to permit cross-examination of defendant as to similar offenses as a test of his credibility.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Middleton Smith, Judge.

Criminal prosecution by the United States against H. A. Jones. Judgment of conviction, and defendant brings error. Affirmed.

C. T. Graydon, of Columbia, S. C., for plaintiff in error.

Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C. (J. D. E. Meyer, U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The defendant was convicted on an indictment charging unlawful possession of intoxicating liquors on May 2, 1922, and previous conviction of violation of title 2 of National Prohibition Act (Comp. St. Ann. Supp. 1923, §§ 10138½–10138½z). Error is assigned in the admission of testimony obtained by unlawful search, and on the cross-examination of the defendant.

There were three buildings on the lot rented by defendant in the city of Columbia, S. C. Defendant's residence was on the corner. Next on the street was his shop or storehouse, separated from his residence by a fence. Twenty yards behind the shop was the third building. One Schultz testified, in behalf of the defendant, that this third building was in his exclusive control as tenant of defendant. The lot was inclosed on three sides by a high fence, with a barbed wire on top, and a wire fence in front. The portion of the lot not covered by the buildings was a yard common to all of them. Federal prohibition officers without a warrant searched the shop and found no intoxicating liquors. They went into the yard behind the store, and there discovered a large number of bottles and an empty keg smelling of whisky. They then searched the third house, and found three gallons of blockade whisky. Defendant in his testimony made no explanation of the bottles and keg found in the yard. On cross-examination, over objection of his counsel, he testified to his conviction in the city court of selling intoxicating liquor on the same premises. A long list of convictions and pleas of guilty in the city court was then shown to the defendant, and he was asked if it was correct. He answered "that he could not say how many times, but the record would show, and that if the counsel had the record he could read them for himself; that he could not recollect all, but would take the record." Without objection, he admitted a plea of guilty to the charge of selling liquor on May 6, 1922.

[1, 2] Conviction on the charge of having in possession intoxicating liquor on May 2, 1922, was sustained by proof of possession at any time before the finding of the indictment. Ledbetter v. United States, 170 U. S. 606, 18 Sup. Ct. 774, 42 L. Ed. 1162. This proof

was furnished by the evidence of the defendant himself that he had sold liquor on May 6, 1922. This evidence bearing directly on the issue was as competent coming from the defendant as from any other witness. In view of this conclusive proof of the charge, the judgment would not be reversed for error in the admission of other evidence. Dye v. United States (C. C. A.) 262 Fed. 6; Honeycutt v. United States (C. C. A.) 277 Fed. 941; Sneierson v. United States (C. C. A.) 264 Fed. 268; Chicco v. United States (C. C. A.) 284 Fed. 434. It is therefore immaterial whether the evidence obtained by search was improperly admitted.

[3] Applying, however, the reasoning in Milam v. United States (C. C. A.) 296 Fed. 629, this day filed, we hold the evidence competent. The record shows that the defendant was known as a professional criminal, engaged in the business of selling contraband liquor at his store, in the yard of which the bottles and keg were found. The officers were charged with the duty of enforcing the prohibition law by using all lawful means of detection. Under these conditions there was abundant foundation for the holding of the District Judge that the mere entry of the officers into the yard of the defendant without a search warrant, and the discovery of the bottles and keg, was not obtaining evidence by an unreasonable search.

[4] Since the defendant disclaimed possession of the house claimed by Schultz, the search of it could not be an invasion of the defendant's constitutional rights. Chicco v. United States (C. C. A.) 284 Fed. 434, 436.

[5] There was no error in allowing cross-examination of the defendant as to other similar offenses as a test of his credibility. Tierney v. United States (C. C. A.) 280 Fed. 322; Fields v. United States, 221 Fed. 242, 137 C. C. A. 98; Nutter v. United States (C. C. A.) 289 Fed. 484.

Affirmed.