### PARKS et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.   March 10, 1924.)

No. 2199.

1. **Intoxicating liquors** ⬅️224—Guilt of unlawful possession may be inferred from its concealment on defendant's premises.

   In a prosecution for unlawful possession of liquor, defendant's guilt may be inferred from the finding of liquor in an unusual place of concealment on his premises, though the only direct testimony was to the effect that he had no knowledge of it.

2. **Witnesses** ⬅️337(6.)—In prosecution for possession of liquor, former conviction of similar offense may be shown to affect defendant's credibility.

   In a prosecution for unlawful possession of liquor, it may be shown, on cross-examination of defendant, to affect his credibility, that he was previously convicted of a similar offense.

In Error to the District Court of the United States for the Western District of South Carolina, at Greenville; Henry H. Watkins, Judge.

Criminal prosecution by the United States against T. W. Parks and Emma Parks. Judgment of conviction, and defendants bring error. Affirmed.

James L. Love, of Greenville, S. C. (O. K. Mauldin, of Greenville, S. C., on the brief), for plaintiffs in error.

J. E. Marshall, Asst. U. S. Atty., of Greenville, S. C. (Joseph A. Tolbert, U. S. Atty., of Greenville, S. C., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge.   T. W. Parks and Emma Parks, husband and wife, were convicted under an indictment charging unlawful possession of intoxicating liquors; the possession being the second offense of the husband. Prohibition officers, acting under a search warrant, found 10 quarts of whisky and gin in cement traps near the well on premises of defendants. T. W. Parks was absent when the search was made. According to the testimony of the officers, Emma Parks before the discovery told them that there was no liquor on the place. After the discovery, she said the whisky was hers, that the premises belonged to her, that she supposed Parks had drunk all of the liquor, and that she with the assistance of another had made the cement traps. On the trial Emma Parks testified that her husband knew nothing of the traps and the whisky, and that she had the liquor for her own use and served it at parties given to her friends. T. W. Parks testified that he knew nothing of the liquor, and that he had warned his

wife not to keep liquor on the place. His former conviction was proved as alleged.

[1] There were no requests for instructions, and no exceptions to the charge. Error is assigned in the refusal to grant a motion for a new trial made on the grounds:

"That the verdict of the jury was inconsistent with the testimony and the judge's charge, in that there being no testimony of joint possession or concerted action, the verdict must necessarily have been 'guilty' as to one defendant, and 'not guilty' as to the other."

The finding of intoxicating liquors concealed in cement traps was evidence from which the jury could infer the guilt of the husband. Such traps are not usually made by women to conceal liquor from their husbands. The testimony of Emma Parks was a confession of her part in the offense. The jury was at liberty to accept all, or any part, of the testimony of the defendants.

[2] The objection to the cross-examination of T. W. Parks as to a former conviction, not alleged in the indictment, was withdrawn, and there was no exception to its admission. Such testimony adduced in the course of cross-examination is competent on the issue of the credibility of the witness. Fields v. United States, 221 Fed. 242, 245, 137 C. C. A. 98; Christopoulo v. United States, 230 Fed. 788, 791, 145 C. C. A. 98; Tierney v. United States (C. C. A.) 280 Fed. 322, 324.

Affirmed.