## WEST v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 10, 1924.)

No. 4248.

1. **Criminal law ⟨⟩901—Any error in denying motion to dismiss for insufficiency of state's evidence is not available where motion not renewed after defendant's evidence.**

Any error in overruling motion for order of dismissal on ground of insufficiency of evidence, made at conclusion of government's case, is not available, where motion was not renewed after introduction of defendant's own testimony.

2. **Witnesses ⟨⟩330(1) — Refusal to require prohibition agent to name persons met at places visited other than defendant's held not error.**

Where prohibition agent testified that he had visited places other than defendant's, it was not error to refuse to permit defendant to ask such witness to name the persons met at those places for alleged purpose of testing his credibility.

3. **Intoxicating liquors ⟨⟩226 — Permitting state to ask defendant's waiter what his duties were held not error.**

Permitting state to ask waiter for defendant, in place where liquors were alleged to have been kept and sold, what his duties were, *held* not error.

4. **Intoxicating liquors ⟨⟩233(1)—Prohibition agent's testimony as to purchases in defendant's absence held not erroneously admitted.**

Testimony by prohibition agent as to purchases of liquor at defendant's place by him and another agent when defendant was not present *held* not erroneously admitted.

5. **Intoxicating liquors ⟨⟩226—Cross-examination of witness as to events preceding visit to defendant's place held not improper.**

Admission of testimony, on cross-examination, by woman who accompanied prohibition agents to defendant's place of business, as to events of evening preceding visit, *held* not error.

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; J. Stanley Webster, Judge.

William S. West was convicted of violations of the Prohibition Act, and he brings error. Judgment affirmed.

Edward A. Davis, of Pasco, Wash., for plaintiff in error.

Frank R. Jeffrey, U. S. Atty., of Spokane, Wash., and Lee C. Delle, Asst. U. S. Atty., of Yakima, Wash.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. The plaintiff in error, with one McKay, alias Scott, were indicted in five counts for selling certain described intoxicating liquor contrary to the provisions of the National Prohibition Act (Comp St. Ann. Supp. 1923, § 10138¼ et seq.) The first and third counts charged them with having at a certain specified time and place, within the jurisdiction of the trial court, sold such liquor to J. Pickett and J. M. Simmons; the second count charged that at a certain described time and place within the jurisdiction of the court they sold certain described intoxicating liquor to J. M. Simmons; the fourth charged that at a certain described time and place, within the jurisdiction of the court, they sold such liquor to J. Pickett; and the fifth count charged that at a certain time and place, within the jurisdiction. of the court, they knowingly and unlawfully. maintained a common nuisance known as the "Cliff House," west of the city of Spokane, in which they, at the time and place stated, kept and sold such intoxicating liquor.

[1] Under each of the counts the plaintiff in error was found guilty, upon which the judgment against him in question was entered. The bill of exceptions shows that upon the conclusion of the government's case the defendant moved "for an order of dismissal on the ground of insufficiency of the evidence to hold him," but no such motion was made after the introduction of evidence on his own behalf. It is therefore well settled that the point is not now available.

And, in our opinion, the exceptions taken to the ruling of the court regarding the admission of testimony hardly deserve mention.

[2-5] The first of such exceptions was taken to the ruling of the court refusing to permit the defendant to ask the government witness Simmons, who was a prohibition agent, and who testified, in substance, that besides visiting the defendant West's place of business, he had visited eight or ten other such places, to give the list of the various persons he had met at those places; the plaintiff in error claiming that such testimony would go "to the credibility of the witness." The second of such exceptions was taken to the ruling of the court permitting the prosecution to ask the witness Scott, who it appears from his testimony was a waiter for the plaintiff in error at the time and place in question, what were his general duties as such waiter. The third relates to the ruling of the trial court regarding the testimony of the witness Pickett, who was also a prohibition agent, who testified among other things that he was with Simmons when they went to the defendant's place on June 8, 1923, and where they bought intoxicating liquor, West not at the time being there; on which ground counsel objected to the introduction of such testimony and moved to strike it out, which the court refused to do. The fourth related to the overruling of objections made by the defendant to the evidence of the witness Maxine Dale, who was one of the two women who went to the defendant's place with the prohibition agents Simmons and Pickett. That testimony is as follows:

"Q. You say you were drinking prior to the time you went out there that night? A. Yes, sir; we were drinking out of the bottle.

"Q. Where was this at? A. At the Louvre Hotel.

"Q. At the Louvre Hotel. That is the hotel that you are in charge of, isn't it? A. Yes, sir.

"Q. And in whose room was this drinking going on? A. Drinking in the dining room.

"Q. In the dining room up there, and the officers, as I understand it, brought this bottle up there? A. Yes, sir.

"Q. As a matter of fact, were you not selling drinks up there for 50 cents a drink? . A. No, sir.

"Mr. Davis: Objected to as immaterial and not proper cross-examination.

"The Court: Overruled.

"Mr. Garvin: Your answer to that is no?

"A. No, sir; I did not.

"Q. You did not sell either Mr. Pickett or Mr. Simmons any whisky up there? A. No, sir."

We can see no merit whatever in any of the exceptions.

The judgment is affirmed.