## MERRILL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit.
May 25, 1925. Rehearing Denied
June 29, 1925.)

No. 4503.

1. **Indictment and information** ⊕52(1)—**Information held not insufficient because unverified.**

Information charging in three counts unlawful possession and sale of intoxicating liquor and maintenance of common nuisance is not insufficient because unverified.

2. **Intoxicating liquors** ⊕226—**In prosecution for maintenance of liquor nuisance, proof of general reputation is admissible.**

In prosecution under information charging maintenance of liquor nuisance, proof of general reputation is admissible.

3. **Criminal law** ⊕369(6)—**In prosecution for unlawful sales of intoxicating liquor, evidence of prior sales is admissible.**

In prosecution for unlawful possession and sale of intoxicating liquor and maintenance of common nuisance, evidence of prior sales is admissible.

4. **Witnesses** ⊕337(6)—**Evidence of prior conviction of liquor law held admissible as affecting defendant's credibility.**

In prosecution for violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.) evidence on cross-examination that defendant had been convicted of misdemeanor for violating state liquor law 13 years previously *held* admissible as affecting his credibility as a witness.

5. **Criminal law** ⊕673(3)—**Proof of extraneous offenses, when admitted on question of credibility, should be limited to that single purpose.**

Proof of extraneous offenses, when admitted on question of credibility of defendant as witness, should be limited to that single purpose.

6. **Witnesses** ⊕360—**Refusal to permit defendant to testify in explanation of prior conviction held not error.**

Refusal to permit defendant to testify in explanation of prior conviction for violation of a state prohibition law, shown to affect his credibility, *held* not error, where he was permitted to testify that the sale was made in his absence.

7. **Witnesses** ⊕354—**Refusal to permit character witness to testify as to reputation of government witness at particular place held not error.**

Trial courts have large discretion in determining qualification of character witness, and refusal to permit witness, who had never resided at or near particular place, to testify as to reputation at that place of government witness, was not error.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Fred Merrill was convicted of violating the National Prohibition Act, and he brings error. Affirmed.

Barnett H. Goldstein and E. M. Morton, both of Portland, Or., for plaintiff in error.

George Neuner, Jr., U. S. Atty., and J. O. Stearns, Jr., Asst. U. S. Atty., both of Portland, Or.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of conviction under the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). The information contains the three familiar counts, charging the unlawful possession of intoxicating liquor in violation of the National Prohibition Act, the unlawful sale of intoxicating liquor, and the maintenance of a common nuisance.

[1-3] The first assignment of error challenges the sufficiency of the entire information because not verified, the second assignment challenges the sufficiency of the count charging the unlawful possession of intoxicating liquor, the third assignment challenges the sufficiency of the count charging the maintenance of a common nuisance, the fourth assignment challenges the ruling of the court admitting testimony of general reputation under the nuisance count, and the fifth assignment challenges the ruling of the court admitting testimony as to prior sales. All these questions have been decided adversely to the plaintiff in error by this court. Jordan v. United States (C. C. A.) 299 F. 298; Nunn v. United States (C. C. A.) 4 F.(2d) 380, decided March 2, 1925; Fassolla v. United States (C. C. A.) 285 F. 378; Anzine v. United States, 260 F. 827, 171 C. C. A. 553; McDonough v. United States (C. C. A.) 299 F. 30.

[4] The next assignment of error is based on the admission of testimony showing that the plaintiff in error had been convicted of a misdemeanor for violating a liquor law of the state some 13 years before. All the authorities agree that such testimony had no tendency to prove the charges contained in the present information, but it was not admitted for that purpose. It was admitted as a part of the cross-examination of the plaintiff in error, for the purpose of affecting his credibility as a witness. There is a conflict of authority upon this question in the different circuits, but the great weight of modern authority seems to sustain the ruling of the court below. Fields v. United States,

221 F. 242, 137 C. C. A. 98; Christopoulo v. United States, 230 F. 788, 145 C. C. A. 98; Gordon v. United States, 254 F. 53, 165 C. C. A. 463; MacKnight v. United States (C. C. A.) 263 F. 832; Tierney v. United States (C. C. A.) 280 F. 322; Krashowitz· v. United States (C. C. A.) 282 F. 599; Murray v. United States, 53 App. D. C. 119, 288 F. 1008; Nutter v. United States (C. C. A.) 289 F. 484; Wheeler v. United States (C. C. A.) 295 F. 588; Jones v. United States (C. C. A.) 296 F. 632; Parks v. United States (C. C. A.) 297 F. 834; Neal v. United States (C. C. A.) 1 F.(2d) 637; United States v. Liddy (D. C.) 2 F.(2d) 60; Williams v. United States (C. C. A.) 3 F.(2d) 129.

[5] In some jurisdictions ' the proof is limited to the conviction of crimes such as would disqualify the witness at common law, in others the crime must rise to the dignity of a felony, while in still others the rule extends to crimes of every degree, except perhaps the violation of municipal ordinances. The latter rule has prevailed in the state of ·Oregon from a very early day. State v. Bacon, 13 Or. 143. Such proof, when admitted, should be strictly limited to the single purpose for which it is admitted; but there was in this case no request to limit the consideration of the testimony to any particular purpose, either at the time of its admission or in the general charge of the court.

[6] It is further contended in this connection that the court erred in refusing to permit the plaintiff in error to explain the record of conviction. But the plaintiff in error was permitted to testify· that he never sold intoxicating liquor in his life, and that the sales referred to in the state case were made by his bartender and waiter, while he was absent from his place of business suffering from a broken collarbone. The assignment of error is therefore without merit, as the time of the court should not be taken up in the retrial of a trivial case, in which the plaintiff in error had entered a plea of guilty 13 years before.

Numerous assignments of error are based upon the claim that the court unduly restricted the right to cross-examine certain of the government witnesses. As said by this court in West v. United States (C. C. A.) 2 F.(2d) 201, where a somewhat similar contention was made: "And, in our opinion, the exceptions taken to the ruling of the court regarding the admission of testimony hardly deserve mention." The fact that the trial of the simple issues involved in this case occupied the time of the court for a period of 9 days affords cogent, if not conclusive, proof that few restrictions were placed upon counsel, and that every opportunity was given to bring out all relevant facts.

[7] The plaintiff in error called a witness to testify to the general reputation of ·a government witness for truth and veracity at Medford, Or. The court excluded the testimony, for the reason that the witness in question never resided at or near that place. Trial courts are necessarily vested with a large discretion in determining the qualification of character witnesses, and no abuse of discretion is here shown. The rule adopted by the court below is no doubt the general one on the subject. Williams v. United States, 168 U. S. 387, 397, 18 S. Ct. 92, 42 L. Ed. 509.

Some comment is made on the instructions given by the court and on the refusal to give instructions requested; but an examination of the record satisfies us that the case was clearly and fairly submitted to the jury, and that the plaintiff in error had a fair and impartial trial.

The judgment of the court below is therefore affirmed.