## BROWN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.
June 15, 1925.)

No. 2335.

1. **Criminal law** �萄1168(2)—**Refusal of motion, before jury was impaneled, to suppress evidence, not prejudicial, where evidence was not used.**

In prosecution for maintaining liquor nuisance, refusal of motion, upon calling case and before jury was impaneled, to suppress and exclude whisky secured as result of alleged unreasonable search and seizure, *held* not prejudicial, where evidence was not offered during trial.

2. **Witnesses** ⊄277(2)—**Cross-examination of accused, charged with liquor nuisance as to finding of whisky which had not been introduced, not error.**

In prosecution for maintaining liquor nuisance at a gasoline filling station, where accused offered himself as witness and denied charges and gave his version of what occurred at time of a certain search, cross-examination as to what occurred thereon, and concerning the finding of whisky in safe, *held* not error, notwithstanding motion, before jury was impaneled, to suppress evidence as being secured by illegal search; there having been no ruling on legality of evidence which had not been offered at trial.

3. **Criminal law** ⊄369(6)—**Evidence of other sales than specified admissible in liquor nuisance prosecution.**

In prosecution for maintaining liquor nuisance, evidence of sale of other liquors than specified in information is proper.

4. **Intoxicating liquors** ⊄226—**Much latitude is permitted in proving liquor nuisance.**

Much latitude is permitted in proving an alleged liquor nuisance.

5. **Criminal law** ⊄968(1)—**Motion in arrest not granted in liquor nuisance prosecution because accused had severed connection with premises before filing of information.**

In prosecution for maintaining liquor nuisance, refusal of motion in arrest of judgment because accused had severed connection with premises before filing of information *held* not error.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Ernest F. Cochran, Judge.

Sam Brown was convicted of maintaining a liquor nuisance, and he brings error. Affirmed.

P. H. McEachin, of Florence, S. C. (P. H. Arrowsmith, of Florence, S. C., on the brief), for plaintiff in error.

Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C. (J. D. E. Meyer, U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WADDILL, Circuit Judge. Plaintiff in error was proceeded against by information filed in the United States District Court for the Eastern District of South Carolina at Charleston, charging that within the jurisdiction of said court, and without having a permit therefor from the Commissioner of Internal Revenue, he unlawfully, knowingly, and willfully maintained a room, house, building, vehicle, structure, and place known as the Gate City Filling Station where intoxicating liquor was then and there sold, kept, and bartered, in violation of title II of the National Prohibition Act, said room, house, building, vehicle, structure, and place constituting a common nuisance under the laws of the United States. To this information the defendant pleaded not guilty. A jury was impaneled and a verdict of guilty rendered, and judgment entered directing his imprisonment in jail for the term of ten months. This judgment, as well as certain rulings of the court during the trial, duly excepted to, forms the basis of this writ of error.

[1] Upon the calling of the case, and before the jury was impaneled, the defendant through his counsel moved to suppress and exclude all evidence of whisky secured on the 29th of November, 1923, from the defendant's safe in his office at the Gate City Filling Station by national prohibition agents, because such evidence was obtained as the result of an unreasonable search and seizure, and without lawful search warrant.

The action of the court on this motion forms the basis of the first assignment of error, and the same is clearly without merit, as the court expressly declined at that stage of the case to rule upon the propriety of admitting the testimony, and postponed action thereon until the evidence was offered during the trial. This, however, was not done, the government relying upon the sufficiency of other testimony to sustain the prosecution. Windsor v. United States (C. C. A.) 286 F. 51, certiorari denied, 262 U. S. 748, 43 S. Ct. 527, 67 L. Ed. 1212; United States v. Williams (D. C.) 295. F. 219.

It should perhaps be stated in connection with that ruling that, so far as this court can judge, there was a lawful search warrant in the hands of the government's officers, and that, as a matter of fact, no actual seizure was made; the officer, Stacy, testifying as follows: "I had a search warrant at the time. I found five pints of whisky in the

safe. Sam Brown opened the safe. We did not make any threat. We were in the filling station. The other officers went round one way. I stepped out. Sam [defendant] went inside and called me in. He said, 'I have it.' I told the chief of police. Meantime Sam opened the safe, and I got the liquor out."

[2] The second assignment of error relates to the same matter as that covered by the first, save that it is claimed that the court erred in permitting the defendant on cross-examination to be interrogated in reference to the finding and seizure of the whisky. While cases may arise in which it would be improper to permit cross-examination of an accused, as to evidence rejected upon a preliminary motion made expressly for the purpose (Honeycutt v. United States [4th C. C. A.] 277 F. 945; Chicco v. United States [C. C. A.] 284 F. 434), still, that would not avail a defendant in the circumstances here, where the search and seizure had not been adjudged to be illegal, and the testimony objected to had not been offered in evidence. Here, the government, in order to establish its case, introduced a large number of witnesses, including the chief of police of the town, who testified that for a considerable length of time prior to the filing of the information the defendant had been and was the proprietor of the Gate City Filling Station, where intoxicating liquors were frequently sold on the premises by different employés, and the defendant had been personally convicted on several occasions, one upon his plea of guilty. The defendant offered himself as a witness, and testified generally in denial of the charges sought to be proved against him, going into much detail in respect to what occurred upon his premises, and his knowledge and opportunity of knowledge of the sale of liquor thereon. He also admitted his personal conviction and plea of guilty, and substantially conceded the facts to be true as stated, respecting the occurrences incident to the finding of the whisky on the 29th of November, 1923.

[3, 4] Evidence of sale of other liquors than specified in the information is fully sustained by decisions of this court. Fields v. United States, 221 F. 242, 137 C. C. A. 98; Tierney v. United States (C. C. A.) 280 F. 322; Nutter v. United States (C. C. A.) 289 F. 484; Jones v. United States (C. C. A.) 296 F. 632. Undoubtedly much latitude is permitted in proving an alleged nuisance, as the same has relation to what was done upon the premises involved. Carpenter v. United States (C. C. A.) 280 F. 598, 600.

Plaintiff in error chose to offer himself as a witness in his own behalf respecting all of these matters, and the right of cross-examination was most important, as his evidence gave his version of what took place on his premises, and the incident of the 29th of November was but part and parcel of the same. There was no error in having him interrogated thoroughly as to that, and generally his connection with what occurred at his place of business, as the manner and method of his transactions largely determined the existence or nonexistence of the nuisance alleged to have been committed and maintained.

The third assignment of error presents substantially the question of whether there was evidence to warrant the verdict of the jury and entry of judgment thereon. As to this, considering the entire testimony, we have no doubt, as in our view the only conclusion that could have been reached was that the facts fully sustained the possession and sale of intoxicating liquors on the premises, and that the same constituted a common nuisance, as charged.

[5] The fourth and last assignment of error relates to the action of the trial court upon the motion of the defendant in arrest of judgment, predicated upon the fact that, because the defendant had severed his connection with the premises some ten weeks before the filing of the information, the prosecution could not be maintained for a nuisance theretofore committed. This position seems to us clearly untenable, as under the law an accused can be tried for an offense committed at any time within the statutory period prescribed by law.

The decision of the district court will in all respects be affirmed.

Affirmed.