## JEBBIA et al. v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit. January 18, 1930.

No. 2921.

Benjamin L. Rosenbloom, of Wheeling, W. Va. (Robert H. Talley, of Richmond, Va., on the brief), for appellants.

Russell L. Furbee, Asst. U. S. Atty., of Fairmont, W. Va. (Arthur Arnold, U. S. Atty., of Piedmont, W. Va., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and McCLINTIC, District Judge.

PER CURIAM. The defendants Paul Jebbia and Owen Palmer were convicted in the court below of violating the National Prohibition Act (27 USCA). On this appeal they contend that the act itself is unconstitutional because the Eighteenth Amendment was not passed by the lower house of Congress by two-thirds of all of the duly qualified members of that body, but merely by two-thirds of those present; and that the court erred in not directing a verdict for defendants, in not requiring the assistant District Attorney to disclose to defendants private memoranda which he had compiled with reference to the jurors in attendance on the court, and in allowing the defendant Jebbia to be cross-examined as to prior convictions for violation of the National Prohibition Act and as to the conditions surrounding a club which he maintained and the persons by whom it was frequented.

All of the points raised by the appeal are so manifestly lacking in merit as not to justify discussion. That it is sufficient that the amendment was passed in the lower house of Congress by the vote of two-thirds of the

members present has been settled by the decision of the Supreme Court. Rhode Island v. Palmer (National Prohibition Cases) 253 U. S. 350, 386, 40 S. Ct. 486, 64 L. Ed. 946. There was ample evidence to support the verdict, and the cross-examination to which objection was made was clearly proper. It is well settled that a defendant charged with violation of the liquor laws who testifies in his own behalf may be cross-examined as to prior conviction of like offenses, for the bearing that this may have upon the question of his credibility as a witness. Krashowitz v. U. S. (C. C. A. 4th) 282 F. 599; Tierney v. U. S. (C. C. A. 4th) 280 F. 322; Christopoulo v. U. S. (C. C. A. 4th) 230 F. 788; Fields v. U. S. (C. C. A. 4th) 221 F. 242. On the only other question raised by the appeal, it is sufficient to say that we know of no principle of law upon which the defendant is entitled to examine the private memoranda of the prosecuting attorney.

There was no error and the judgment of the District Court is affirmed.

Affirmed.