**WORKMAN v. UNITED STATES.**

No. 3020.

Circuit Court of Appeals, Fourth Circuit.

July 16, 1930.

James Damron, U. S. Attorney, of Huntington, W. Va.

Before NORTHCOTT, Circuit Judge, and GRONER and ERNEST F. COCHRAN, District Judges.

ERNEST F. COCHRAN, District Judge.

The appellant was the defendant in the District Court under an indictment charging him with violating the internal revenue laws by having a distilling apparatus set up and not registered, carrying on the business of a distiller without having given bond and with intent to defraud the United States, and working in a distillery which did not have any sign as required by law.

The first assignment of error is in general terms to the effect that the court erred in overruling defendant's motion for a new trial. Under the many decisions of this court, this assignment is plainly frivolous and needs no discussion whatever.

The second assignment alleges error in the court's refusal to permit one of the defendant's witnesses to testify to the contents of an affidavit alleged to have been made by a government witness. The district attorney objected to the evidence on the ground that the affidavit should be produced, which was not done. The ruling of the court in

refusing to allow this witness to testify to the contents of an affidavit supposed to have been made by the government's witness is plainly right.

◼ The third assignment alleges error in certain questions the court propounded to the defendant when he was upon the witness stand, in reference to certain previous convictions of the defendant. The defendant stated, in substance, that he had pleaded guilty in some cases in which he was not guilty.

It has been repeatedly held by this court that, in cases involving the violation of the internal revenue laws or the prohibition law, the defendant may be asked whether he has been previously convicted of similar offenses. Fields v. U. S. (C. C. A.) 221 F. 242; Tierney. v. U. S. (C. C. A.) 280 F. 322, cert. denied 259 U. S. 588, 42 S. Ct. 590, 66 L. Ed. 1077; Krashowitz v. U. S. (C. C. A.) 282 F. 599; Jones v. U. S. (C. C. A.) 296 F. 632; Parks v. U. S. (C. C. A.) 297 F. 834.

◼ In reference to the question propounded whether the defendant had made liquor or not, that question was clearly proper, because that was the very act with which he was charged, viz. carrying on the business of a distiller, which is a continuing offense. In reference to the question propounded, whether he had sold liquor or not, if the question was intended to elicit the fact that the defendant had sold liquor apart from any conviction, and not connected with any acts charged in the indictment, it might have been error to inquire into such separate, independent, collateral transaction. But it is not necessary to rule upon that question. Here the witness, in admitting that he had been previously convicted, said that in some of his convictions he was not guilty. The inquiry was evidently directed to ascertaining whether the witness had actually sold liquor in those cases where he had been previously convicted, and not to ascertaining whether he had made some sale independently of his former convictions. The witness so understood it, because his answer was that he had sold liquor, but that he thought that he had paid for more than he had ever sold, evidently meaning that he had paid the penalty of the law. The jury must have so understood it, and under the decisions of this court, they had a right to take into consideration his previous convictions. The statement by the defendant in answer to the court's question that he had drunk liquor but that it was a long time ago, could not have prejudiced him with the jury. To assume that a jury would attach any importance to the fact that a witness had drunk liquor a long time ago would indeed be a most violent presumption. Under the act of Congress, we are not to reverse unless there has been an error affecting a substantial right. Act Feb. 26, 1919, U. S. Code, tit. 28, § 391 (28 USCA § 391); Ohio Valley Bank v. Greenebaum Sons Bank & Trust Co. (C. C. A.) 11 F.(2d) 87, 91; Clarksburg Trust Co. v. Commercial Insurance Co. (C. C. A. 4th, decided April 8, 1930) 40 F.(2d) 626.

The exception to these questions propounded by the court does not clearly indicate why the defendant thought the questions objectionable. But, viewed in any aspect, we do not see that there could possibly be any prejudice to the defendant resulting therefrom.

◼ The fourth assignment alleges error in refusing to permit defendant's counsel to ask one of the defendant's witnesses certain questions on the redirect examination. The record shows that when these questions were propounded, the court stated that counsel had asked all those questions, and thereupon the defendant's counsel withdrew them. This assignment also is too plainly frivolous to merit discussion.

Affirmed.