## FUNK v. UNITED STATES.
### No. 3517.

Circuit Court of Appeals, Fourth Circuit.
July 3, 1933.

John W. Carter, Jr., of Danville, Va., and Allen Adams, of Greensboro, N. C. (Chas. A. Hammer, of Harrisonburg, Va., on the brief), for appellant.

Thomas C. Carter, Asst. U. S. Atty., of Burlington, N. C. (J. R. McCrary, U. S. Atty., of Greensboro, N. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

Appellant was convicted at the December term of the District Court of the United States for the Middle District of North Carolina, at Greensboro, on an indictment charging him with conspiracy to violate the National Prohibition Act (27 USCA § 1 et seq.) and was sentenced to serve a term of one year and one day in the federal penitentiary. Appellant was charged in the indictment with conspiring with one Charlie Martin, one Gus Dowdy, and others, and was, at the time of the alleged commission of the offense charged, a federal prohibition agent. Martin was not indicted and was used as a witness against appellant, who will be here referred to as the defendant.

At a former trial the defendant and Dowdy were convicted and the case was appealed to this court. Funk v. United States, 46 F.(2d) 417, 427. In the last trial the government did not ask a verdict against Dowdy and the case was dismissed as to him.

As will be seen from the former opinion of this court the judgment in the first trial was reversed as to Funk because the trial judge admitted certain evidence as corroborating Martin, the accomplice, which this court held was improperly admitted. On the second trial this evidence was not offered. Practically all the points raised on the present appeal were passed upon by this court in its former opinion with the exception of the question of variance between the allegations in the indictment and the testimony as given at the trial.

 On the question of variance we are of the opinion that while the indictment contains many things not necessary to be alleged, it properly charges a conspiracy to violate the National Prohibition Act and that while some parts of the conspiracy as alleged were not proven, the allegations of the indictment were sufficiently supported by the evidence to make the proof of the crime complete. The substantial rights of the defendant were not affected by the failure to prove all the acts charged in the trial. See U. S. v. Weiss (D. C.) 293 F. 992, cited with approval in Ford v. U. S., 273 U. S. 593, 47 S. Ct. 531, 71 L. Ed. 793; Manning v. U. S. (C. C. A.) 275 F. 29; Rudner v. U. S. (C. C. A.) 281 F. 516. A contention as to variance that has more of technicality than substance will not be considered. Bennett v. United States, 227 U. S. 333, 33 S. Ct. 288, 57 L. Ed. 531.

As was said by Judge Cochran (in Funk v. United States, supra): "We are not unmindful of the effect of section 269 of the Judicial Code, as amended by the Act of February 26, 1919 (U. S. Code, title 28, § 391 [28 USCA § 391]), whereby, on the

hearing of an appeal, we are required to give judgment after an examination of the entire record, without regard to technical errors or defects, which do not affect the substantial rights of the parties. This salutary legislation has been construed in a number of cases and frequently applied in this circuit. Workman v. U. S. (C. C. A. 4th) 43 F.(2d) 44, 45; Clarksburg Trust Co. v. Commercial Ins. Co. (C. C. A. 4th) 40 F.(2d) 626, 634; Chesapeake & Ohio R. Co. v. Cochran (C. C. A. 4th) 22 F.(2d) 22, 26, and cases cited; Ohio Valley Bank v. Greenebaum Sons Bank & Trust Co. (C. C. A. 4th) 11 F.(2d) 87, 91."

All other assignments of error that are of sufficient merit to warrant discussion were fully considered and, we think, properly passed on in the former decision. The testimony of the accomplice Martin was fully corroborated. There was ample evidence, aside from the testimony of the accomplice, to justify the verdict of the jury. The charge of the trial judge was fair, to say the least, to the defendant, and there were no exceptions to it.

The judgment of the court below is accordingly affirmed.