## UNITED STATES *v.* JOHNSON.

*(Circuit Court, S. D. New York.*   May 19, 1881.)

1. PROSTITUTION—IMPORTATION OF WOMEN—ACT OF MARCH 3, 1875, § 3—18 ST. AT LARGE, 477.

   Section 3 of the act of March 3, 1875, (18 St. at Large, 477,) relating to the importation of women into the United States for the purposes of prostitution, is applicable to women imported for that purpose from all countries whatsoever.

2. SAME—INDICTMENT.

   In an indictment for the violation of such statute, it is not necessary that the acts constituting the importation should be set forth.

3. SAME—EVIDENCE.

   Evidence, upon the trial of such indictment, of the character of a house of assignation kept by the defendant, and of acts done at such house after the woman was imported, and while she lived there with the defendant, relating to the place named in the indictment as that where the purpose of prostitution was to be carried out, is admissible to show the purpose of prostitution laid in the indictment.—[ED.

Indictment.    Motion in arrest of judgment.

*William P. Fiero,* Asst. Dist. Att'y, for the United States.

*John A. Goodlett,* for defendant.

BLATCHFORD, C. J.    The defendant was indicted and convicted under section 3 of the act of March 3, 1875, (18 St. at Large, 477,) which provides as follows:

"That the importation into the United States of women for the purposes of prostitution is hereby forbidden; and all contracts and agreements in relation thereto, made in advance or in pursuance of such illegal importation or purposes, are hereby declared void; and whoever shall knowingly and wilfully import, or cause any importation of, women into the United States for the purposes of prostitution, or shall knowingly or wilfully hold, or attempt to hold, any woman to such purposes, in pursuance of such illegal importation and contract or agreement, shall be deemed guilty of a felony, and, on conviction thereof, shall be imprisoned not exceeding five years, and pay a fine not exceeding $5,000."

The indictment was for importing for the purposes of prostitution.    The act is entitled "An act supplementary to the acts in relation to immigration."    The first section of the act relates to the certificate of voluntary emigration to be given, under section 2162 of the Revised Statutes, by a consul of the United States to the master of a vessel, in regard

to "coolies" coming from China, Japan, or any other oriental country, and requires the consul to withhold the certificate if there is an agreement for service for lewd and immoral purposes. The second section makes it an offence to bring to the United States subjects of China, Japan, or any other oriental country, without their free consent, for the purpose of holding them to a service, and makes void all such contracts. The fourth section makes it an offence to contract to supply the labor of a cooley, or any other person, brought into the United State in violation of section 2158 of the Revised Statutes, which section relates wholly to the coolies aforesaid. The fifth section makes unlawful the immigration into the United States of alien convicts, not political, or whose sentence has been remitted on condition of their emigration, and of women imported for the purposes of prostitution; and if, on inspection, any such obnoxious persons are found on board of an arriving vessel, provisions are made in regard to them.

A motion is made by the defendant in arrest of judgment on the ground that section 3 of the act applies only to women of the class named in the first section coming from China, Japan, and other oriental countries. We cannot concur in this view. It may very well be that under the first section consuls have no duty elsewhere than in China, Japan, and other oriental countries to inquire into contracts for lewd purposes; but it is because, neither under that section nor under section 2162 of the Revised Statutes have they any duty at all in any other countries in regard to certificates respecting voluntary emigration. The act of 1875 may very well be an act supplementary to title 29 of the Revised Statutes, in regard to immigration, and yet relate to immigration from other than oriental countries. Section 5 relates to convicts, and women imported for the purposes of prostitution, from all countries; and section 3 relates to the latter class imported from all countries. There is nothing to indicate a contrary intention, and everything to indicate an intention to apply the provisions of those sections to all countries, oriental and other.

Another ground for the motion in arrest of judgment is that the indictment alleges only that the defendant, on a day named, imported the woman into the city of New York, from Copenhagen, for the purposes of prostitution, at a place named in said city, and does not set forth the acts constituting the importation, as that she paid the passage money of the woman. We think the indictment is sufficient.

The defendant also moves for a new trial on the ground that the verdict was against the evidence and the law, and was without evidence to sustain it. These positions are, we think, not tenable.

On the trial evidence was admitted, under an exception by the defendant, of the character of a house of assignation kept in New York by the defendant, and of acts done at that house after the woman was imported, and while she lived there with the defendant. This evidence was proper to show the purpose of prostitution laid in the indictment, and related to the very place named in the indictment as that where the purpose of prostitution was to be carried out.

The motions are denied.