### MILLER v. MATTISON.

#### Opinion delivered October 28, 1912.

1. SALES OF LAND—VENDOR'S LIEN.—The vendor of land, though he makes an absolute deed to the purchaser acknowledging receipt of

the purchase money, has an equitable lien for unpaid purchase money as against the vendee and all other except innocent purchasers for value. (Page 204.)

2. MORTGAGES—BONA FIDE PURCHASER.—Where a creditor takes a mortgage merely as security for an antecedent indebtedness, without advancing any new consideration, he is not entitled to protection as a *bona fide* purchaser as against prior liens or equities. (Page 204.)

3. EQUITY—PRIORITY IN TIME.—As between persons having only equitable interests, if their interest in all other respects are equal, priority in time gives a better equity. (Page 204.)

4. PARTIES—CROSS COMPLAINT.—One who was constructively summoned as a defendant in the original suit and who is a necessary party defendant in a cross action must be summoned to answer the cross complaint unless she voluntarily enters her appearance. (Page 205.)

Appeal from Cleburne Chancery Court; *Geo. T. Humphries*, Chancellor; reversed.

*Appellants, pro se.*

1. A deed will not be reformed unless the evidence of mutual mistake is clear, unequivocal and decisive. 85 Ark. 62; 89 *Id.* 309.

2. Banks & Company were not innocent mortgagees for value. There was no new consideration for their antecedent debt. 27 Ark. 557; 55 *Id.* 542; 35 L. R. A. 1174; 25 S. W. 805; 89 N. Y. 446; 16 A. & E. Enc. L. 831; 49 N. Y. 286.

*Bratton & Fraser*, for appellees.

A mutual mistake justifies a reformation. There is ample proof of the mistake. Banks & Company were innocent mortgagees for value. 49 Ark. 214; 62 *Id.* 323; 27 Cyc. 1192; 23 A. & E. Enc. L. 493-4.

McCULLOCH, C. J. C. J. Miller owned three lots in Cleburne County, Arkansas, described as lots 4, 5 and 6 of block 69 of West Addition to the town of Sugar Loaf (now changed to Heber). He mortgaged them to Mattison to secure a debt of $500, and subsequently sold and conveyed lot 6 and the west half of lot 5 to Mrs. Elsie Burt, wife of W. L. Burt, for the sum and price of $1,250, of which $450 was paid in cash at the time of the conveyance, $500 was to be paid to Mattison in discharge of said mortgage debt when the same matured, and the remainder was evidenced by two promissory notes

for $150 each, payable at subsequent dates. It was agreed, according to the uncontroverted testimony, that the deed of conveyance should recite Mrs. Burt's assumption of the Mattison debt as a part of the consideration, and also a reservation of the vendor's lien to secure payment of the two purchase money notes. W. L. Burt is a lawyer, and prepared the deed, Miller relying on him to properly incorporate said recitals as to consideration. But Burt failed to do that, and drew the deed reciting the consideration as being paid in full. Miller executed the deed in that form, relying on Burt's representation that it contained the proper recitals as to the consideration, and had no knowledge of the omission, it appears, until this litigation arose. None of the indebtedness, either the mortgage to Mattison or the balance of the purchase money to Miller, has been paid, except that Burt paid some of the interest to Mattison on his mortgage. Subsequently, W. L. Burt, who represented A. B. Banks & Company in soliciting insurance business, became indebted to the latter in the sum of $1,684.96 on insurance premiums collected, and after the debt was incurred his wife, Mrs. Elsie Burt, executed a mortgage to secure $484.96 on real estate described as "lot 6 and west half of lot 5, in West Addition to the town of Sugar Loaf (Heber), Arkansas," the number of the block being omitted. The mortgage deed described a note for $484.96, but no note for that amount was executed, the only one executed being for the sum of $1,684.96, the full amount of the debt, which was due and payable one year after date.

Mattison instituted this suit to foreclose his mortgage, and made Miller, Mrs. Burt, and Banks & Company parties defendant. Mrs. Burt, being a nonresident of the State, was constructively summoned, but did not appear to defend. Miller filed his answer and a cross complaint, setting forth the facts concerning his alleged lien for purchase money, and prayed for a foreclosure against Mrs. Burt, subject to the mortgage of Mattison. Banks & Company also filed an answer and cross complaint against Miller and Mrs. Burt, denying the allegations of Miller's cross complaint as to his asserted lien, and praying for the reformation and foreclosure of their said mortgage. After the commencement of the suit and the filing of the cross complaints, Mrs. Burt executed a new mort-

gage properly describing lot 6 and west half of lot 5, block 69, and this was introduced in evidence over Miller's objection.

On final hearing of the cause the court rendered a decree, foreclosing Mattison's mortgage; also reforming the mortgage to Banks & Company in accordance with the prayer of their cross complaint so as to properly describe the property, and foreclosing the same subject to the Mattison mortgage; also foreclosing Miller's lien as vendor, subject to the mortgages of Mattison and Banks & Company. Miller appealed to this court.

The controversy here is solely between Miller and Banks & Company as to the priority of their respective liens.

The vendor of real estate, though he makes an absolute deed to the purchaser acknowledging receipt of the purchase money, has an equitable lien for unpaid purchase money as against the vendee and all others except innocent purchasers for value. *Shall* v. *Biscoe*, 18 Ark. 142; *Scott* v. *Orbison*, 21 Ark. 202; *Holman* v. *Patterson*, 29 Ark. 357.

The mortgage to Banks & Company was to secure an antecedent indebtedness, no new consideration passing to the mortgagor. In *Johnson* v. *Graves*, 27 Ark. 557, this court held that, where a creditor takes a mortgage merely as security for antecedent indebtedness, without advancing any new consideration, he is not entitled to the protection accorded.

In the recent case of *Haldiman* v. *Taft*, 102 Ark. 45, we reviewed the line of decisions of this court holding that "one who takes negotiable paper before maturity, in payment of or as security for an antecedent debt, and without notice of any defect, receives it in due course of business, and is a holder for value and free from any equities of the maker or indorser."

The distinction is thus marked between negotiable and nonnegotiable paper with respect to the consideration for an antecedent debt. But in the present case there is no note in existence as described in the mortgage, the debt being a part of the larger sum evidenced by negotiable note of that date.

The mortgage also fails to properly describe the lots sought to be conveyed. Therefore, the mortgage is not enforceable except by resort first to equity in order to reform it. The situation as between the parties claiming liens, both

valid in equity, against the same debtor, calls for the application of the maxim that "between equal equities the first in order of time shall prevail." *Byars* v. *McDonald*, 12 Ark. 285. Another statement of the principle is that, "as between persons having only equitable interests, if their interests are in all other respects equal, priority in time gives a better equity." 16 Cyc. 139. Applications of this principle are found in the following cases: *Phillips* v. *Phillips*, 4 DeGex, F. & J. 208, 45 English Reprint 1164; *Hardin* v. *Harrington*, 11 Bush (Ky.) 367; *Carlisle* v. *Jumper*, 81 Ky. 282; *Wailes* v. *Cooper*, 24 Miss. 208; *Perkins* v. *Swank*, 43 Miss. 349; *Briscoe* v. *Ashby*, 24 Grat. (Va.) 454; *Camden* v. *Harris*, 15 W. Va. 554; *Johnson* v. *Hayward*, 74 Neb. 157, 5 L. R. A. (N. S.) 112.

It follows that the chancellor erred in giving priority to the equitable lien of Banks & Company over that of appellant Miller. The last mortgage from Mrs. Burt to Banks & Company, correcting the description of the lots, was executed during the pendency of this litigation and with full notice of Miller's lien; therefore it can not avail anything.

As the cause must be reversed for further proceedings, we deem it appropriate to call attention to the fact that the cause proceeded to final hearing without service of process on Mrs. Burt, constructively or otherwise, as to the cross complaints. This was error. *Ringo* v. *Woodruff*, 43 Ark. 469; *Pillow* v. *Sentelle*, 49 Ark. 430. She was one of the original defendants in the action, and was constructively summoned as such; but it is essential, in order to give the court jurisdiction over her as to the causes of action of appellant Miller and Banks & Company, that she be summoned to answer the cross complaints unless she voluntarily enters her appearance. The decree is therefore reversed, and the cause remanded for further proceedings not inconsistent with this opinion.