### ANZINE v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1919. Rehearing Denied December 1, 1919.)

No. 3300.

1. CRIMINAL LAW ☞338(3)—EVIDENCE OF REPUTATION OF PLACE AS HOUSE OF ILL FAME ADMISSIBLE.

In a prosecution for keeping a house where prostitution is practiced within a prohibited distance from a military post, where there is other evidence tending to show that the house was a house of ill fame, evidence of its reputation as such is admissible.

2. DISORDERLY HOUSE ☞16—EVIDENCE OF PHYSICIANS AS TO DISEASED CONDITION OF INMATES ADMISSIBLE.

In a prosecution for maintaining a house of ill fame, it was not error to admit the testimony of a health physician as to the diseased condition of certain women found at the house.

3. CRIMINAL LAW ☞1177—SENTENCE FOR CONTINUOUS OFFENSE CHARGED IN SEPARATE COUNTS NOT REVERSIBLE ERROR.

That a defendant was convicted and sentenced under separate counts for what was in fact but one continuous offense is not reversible error, where the aggregate of the punishment imposed did not exceed that which might have been imposed for a single offense.

In Error to the District Court of the United States for the First Division of the Northern District of California; Wm. C. Van Fleet, Judge.

Criminal prosecution by the United States against Andrew Anzine. Judgment of conviction, and defendant brings error. Affirmed.

Frank J. Hennessy and Sidney P. Robertson, both of San Francisco, Cal., for plaintiff in error.

Annette Abbott Adams, U. S. Atty., and James E. Colston, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was found guilty under five counts of an indictment charging him with maintaining a house of ill fame at 83 Eddy street, in San Francisco, in violation of section 13 of the act to authorize the President to increase temporarily the military establishment of the United States, approved May 18,

1917 (40 Stat. 83, c. 15 [Comp. St. 1918, § 2019b, Append.]), and the order of the Secretary of War made in pursuance thereof on July 25, 1917.

[1] Error is assigned to the admission of testimony to prove the general reputation of the house maintained by the plaintiff in error. It is urged that at common law such testimony is hearsay and inadmissible, and that such is the rule in the federal courts. The decisions of the federal courts on the question are few and very briefly reported. In none of them is any ground of decision stated. In United States v. Gray, 2 Cranch, C. C. 675, Fed. Cas. No. 15,251, it was held that in a prosecution for keeping a disorderly house the general character of the house is in issue and may be given in evidence; but Judge Cranch was in doubt, and subsequently in United States v. Jourdine, 4 Cranch, C. C. 338, Fed. Cas. No. 15,499, the court held otherwise, and also held otherwise in United States v. Rollinson, 2 Cranch, C. C. 13, Fed. Cas. No. 16,191, and United States v. Nailor, 4 Cranch, C. C. 372, Fed. Cas. No. 15,853. In 14 Cyc. 503, it is said:

"Under common-law principles it would seem that evidence of the general reputation of a house would be inadmissible upon the issue of whether it is a bawdyhouse, and so a number of authorities hold; but very many authorities hold that the reputation of the house is admissible."

Among the leading cases applying the common-law rule are Henson v. State, 62 Md. 235, 50 Am. Rep. 204, State v. Plant, 67 Vt. 454, 32 Atl. 237, 48 Am. St. Rep. 821, and Wooster v. State, 55 Ala. 217. In the latter case it was said:

"The rule is that hearsay evidence—and such is the evidence of reputation —is inadmissible to establish any specific fact, capable of direct proof by witnesses speaking from their own knowledge; and when the rule is relaxed, it is from necessity alone."

The court there recognized an exception to the rule against the admission of hearsay testimony, and we think that within that exception properly comes evidence of the reputation of a disorderly house, and that the better doctrine is that testimony as to such reputation should be admitted for the value which it may have in determining the question of the guilt or innocence of the person charged with maintaining the house in all cases where, as here, there is other evidence tending to establish that the house was a house of ill fame. In Wigmore on Evidence, § 1620, the author says:

"Nevertheless, having regard to the circumstances from which such a reputation arises, and the difficulty of obtaining other evidence in the ordinary way from unimpeachable witnesses, it seems unquestionable that reputation should be admitted as trustworthy and necessary evidence."

In State v. Bresland, 59 Minn. 281, 61 N. W. 450, it was said:

"Such evidence is not mere hearsay. Reputation is often admissible to prove a continued practice, when it would not be to prove a single act. It is often competent evidence of a continuing condition, or a continued repetition of the same or similar acts or practices, when it would be mere hearsay as proof of a single act or occurrence. Thus reputation is competent evidence of good or bad character, or solvency or insolvency, of custom, usage, etc. In all these cases the continued nature of the fact to be proved and the necessities of the case render competent evidence of reputation."

In line with these views are State v. Brunell, 29 Wis. 435; State v. Hendricks, 15 Mont. 194, 39 Pac. 93, 48 Am. St. Rep. 666; Hogan v. State, 76 Ga. 82; Betts v. State, 93 Ind. 375; Drake v. State, 14 Neb. 535, 17 N. W. 117; O'Brien v. People, 28 Mich. 213; United States v. Johnson (C. C.) 7 Fed. 453.

Error is assigned to the denial of the motion for a new trial, one ground of which was that the verdict was not supported by evidence to show that the house maintained by the plaintiff in error was within five miles of any military camp, station, fort, etc. This absence of proof was not presented in any way to the court below prior to the motion for a new trial. It is so well settled that the ruling of the court below on a motion for a new trial is not assignable as error that we need cite no authorities. But the plaintiff in error contends that this court should take notice of this omission of evidence as a plain error, although no exception was taken in the court below. It is true that in rare cases the federal courts may, in the absence of an exception, in the court below take notice of a plain error; but this is permissible only in cases where it is evident that serious injustice has been done to the rights of plaintiff in error. Here no injustice has been done. The jury doubtless knew, and the court below might properly take judicial notice, that a house at 83 Eddy street was less than five miles from the Presidio and Ft. Mason.

[2] It was not reversible error to permit the physician of the city board of health to testify as to the diseased physical condition of certain women found on the premises of the plaintiff in error. It is well settled that in prosecutions of this nature testimony is admissible to show the character of the inmates, as evidence tending to prove the character of the house (14 Cyc. 506), and the testimony so admitted had its value as tending in some degree to show the nature of the house maintained by the plaintiff in error.

[3] It is contended that the court below erred in sentencing the plaintiff in error to imprisonment on each of the five counts of the indictment, the terms to run consecutively, and that he pay a fine of $100 on each count, for the reason that the offense with which he was charged was one continuous offense, and not susceptible of division into several offenses by counts charging the maintenance of a house of ill fame "during the month of August and on or about the 27th day thereof," "during the month of September and on or about the 1st day thereof," and "during the month of September and on or about the 3d day thereof," etc. If it be conceded that the indictment charges but one continuous offense, and that for its punishment one count would have been sufficient, it would follow that if the aggregate punishment which was imposed on the various counts exceeded the punishment fixed by the statute, to wit, imprisonment for one year or a fine of $1,000, or both, it would be proper to remand the case to the court below, with instructions to arrest judgment, so far as it imposed punishment beyond that which the statute permits. But here the aggregate imprisonment is less than one year and the aggregate fine is less than $1,000.

In re Snow, 120 U. S. 274, 7 Sup. Ct. 556, 30 L. Ed. 658, cited by plaintiff in error, is authority for the proposition that, where separate

offenses charged in an indictment constitute in reality but one continuous offense, instead of separate and distinct offenses, on a verdict of guilty on each count the court has no power to inflict punishment greater than that allowed for one offense. In that case the act under which the defendant was found guilty of cohabiting with more than one woman provided for a punishment by fine of not more than $300, or by imprisonment for not more than six months, or by both. The defendant therein was found guilty of having committed the act prohibited by the statute at three stated dates in three consecutive years. The court held that the crime charged was one continuous offense.

We find no error. The judgment is affirmed.