## CHAPMAN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. December 2, 1925.)

No. 3592.

1. **Indictment and information 114—Indictment charging sale of intoxicating liquor as second offense sufficient.**

Indictment for sale of intoxicating liquor as second offense, setting out former indictment in hæc verba giving its date and date of plea of guilty, and averring that sentence was passed, *held* sufficient.

2. **Indictment and information 114—Indictment for second offense need not set forth prior indictment in hæc verba.**

Indictment charging violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), as second offense need not set forth copy of prior indictment or entire record.

3. **Criminal law 1169(6)—Evidence of reputation of accused's place of business, limited to nuisance charge, not prejudicial, where accused was acquitted of such charge.**

In prosecution for sale of intoxicating liquor and maintaining nuisance, in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), admission of evidence of reputation of accused's place of business, which court limited to nuisance count, *held* not prejudicial, where accused was acquitted on that count.

4. **Intoxicating liquors 226—Evidence of reputation of accused's place of business admissible to support charge of maintaining nuisance.**

Evidence of reputation of accused's place of business is admissible in support of charge of maintaining a nuisance in violation of National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

5. **Criminal law 478(1)—Witness testifying to alcoholic content properly qualified.**

Witness testifying to familiarity with instruments and distillation method of obtaining alcoholic content of liquid, and that he had studied chemistry and had examined and tested liquids in bottles exhibited, *held* properly qualified to testify as to their alcoholic content.

In Error to the District Court of the United States for the District of Indiana.

William Chapman was convicted for unlawful sale of liquor as a second offense, and he brings error. Affirmed.

Floyd J. Mattice, of Indianapolis, Ind., for plaintiff in error.

Albert Ward, of Peru, Ind., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendant was charged with an unlawful sale of liquor on July 4, 1924, and with a previous conviction in the same court for an unlawful sale on May 16, 1923. He also was charged in the same indictment with maintaining a nuisance in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq). Acquitted on the latter count, he was convicted on the first and sentenced to serve a year and a day in the federal penitentiary, and to pay a fine of $500.

His assignments of error deal with (a)

the sufficiency of the count which charges him as a second offender with the sale of intoxicating liquor; (b) with the admission of evidence dealing with the reputation of defendant's place of business; (c) with error in admitting evidence representing the alcoholic content of the intoxicating beverage.

[1] The indictment, after charging the unlawful sale, further alleged:

"And the grand jurors do further charge and present that the said William Chapman has heretofore on the third (3d) day of November, A. D. 1923, been indicted by the federal grand jury within and for the district of Indiana, said indictment being numbered 2388, and returned into this court on the date aforesaid, for a violation of title 2 of the National Prohibition Act, and has heretofore on the twenty-sixth (26th) day of November, 1923, pleaded guilty to sale of intoxicating liquor, and the said William Chapman has heretofore been sentenced to serve six (6) months in jail and fined five hundred dollars ($500.00), which sentence was accepted and served and not appealed from for said violation aforesaid.

"The grand jurors further present and show that the first count of said indictment to which was on the twenty-sixth (26th) day of November, 1923, entered a plea of guilty reads and is in words and figures as follows, to wit:

" 'United States of America, District of Indiana—ss.

" 'In the District Court of the United States for the District of Indiana, May Term, A. D. 1923, at Indianapolis.

" 'William Chapman v. United States.

" 'The grand jurors of the United States, within and for the district of Indiana, impaneled, sworn, and charged in said court, at the term aforesaid, to inquire for the United States for the district of Indiana, upon their oaths charge and present that William Chapman, late of said district, at and in the district aforesaid, on or about the sixteenth (16th) day of May, A. D. 1923, did then and there unlawfully, knowingly, and willfully sell for beverage purposes, it (the said sale) being then and there prohibited and unlawful, certain intoxicating liquor then and there fit for beverage purposes, and then and there containing one-half of one per cent. or more of alcohol by volume, to wit, two drinks of gin, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the United States of America.'

"Contrary to the form of the statute in such cases made and provided and against the peace and dignity of the United States of America."

The complaint is made "that neither count of said indictment alleged any such prior conviction with the degree of particularity required by law." With this contention we cannot agree. The incorporation of a copy of the former indictment into this first count of the instant indictment removed all uncertainty and ambiguity, and sufficiently defined the charge to which defendant pleaded guilty on his previous arrest and conviction.

[2] We do not mean to hold, or encourage the pleader to believe, that it is necessary to set forth in hæc verba the prior indictment, or the entire record of a case wherein the accused was previously convicted. It was, however, done in the instant case, and completely refutes defendant's contention that the present indictment is bad, because of the alleged failure of the government to charge a prior conviction. We have recently considered various phases of this question, and refer to our opinion in McCarren v. United States (C. C. A.) 8 F.(2d) 113, decided October 29, 1925.

[3, 4] The evidence of the reputation of defendant's place of business to which objection was made bore on the second count, the nuisance count only. The court so instructed the jury. Upon this count defendant was acquitted. In view of this record we fail to see how he was prejudiced by the reception of this evidence.

However, we are satisfied that such evidence is admissible in support of a charge of maintaining a nuisance in violation of the National Prohibition Act. Ryan v. United States (C. C. A.) 285 F. 734; Merrill v. United States (C. C. A.) 6 F.(2d) 120; Anzine v. United States, 260 F. 827, 171 C. C. A. 553.

[5] Proof of alcoholic content of the intoxicating beverage was given by the prohibition agents, one of whom stated that he made a chemical analysis of samples brought to him. As to his qualifications, to which objections were directed, he said:

"I am familiar with the instruments and the distillation method of obtaining the alcoholic content of liquid that was taught to me by Mr. Davenport, who was formerly a prohibition officer and chemist of the department, and I have been making tests for about three years. I had a chemical education at Shortridge High School. I have been more or less familiar with chemistry at Purdue

University and West Point. I took a course in chemistry at Shortridge, and at Purdue in engineering I had chemistry, and at the United States Military Academy. The testing of this beer is a distillation process. We have a regular small still, and it is a very simple matter to test beer. I have examined the bottle I hold in my hand * * * for alcoholic content, as being a sample of beer taken from 1423 Calhoun street, Ft. Wayne, Ind., and found 4 per cent. * * * by volume. * * * Three samples were submitted to me, and I examined all of them for alcoholic content. They showed 4 per cent., 5 per cent., and five-tenths of one-half of 1 per cent."

There was no cross-examination. No error was committed in receiving this testimony.

The judgment is affirmed.