BOARD OF DIRECTORS OF ST. FRANCIS LEVEE DISTRICT
*v.* RANEY.

4-3741

Opinion delivered December 3, 1934.

*Burk Mann* and *Chas. T. Coleman,* for appellant.

*J. T. Coston* and *Rose, Hemingway, Cantrell & Loughborough,* for appellees.

PER CURIAM. R. L. Mixon filed suit as a taxpayer in the Lee Chancery Court against the Board of Directors of St. Francis Levee District to enjoin the defendants from paying to the property owners of Pecan Point the amount of damages it had agreed with said landowners to pay to them for the withdrawal of levee protection. The defendant board entered its appearance and filed answer admitting the allegations of the complaint. A temporary injunction was issued, and, at this stage of the case, respondents, the landowners affected, intervened, filing an answer denying the allegations of the complaint, and making the same a cross-complaint against the defendants setting up an agreement for the payment of the damages to them, the amount which had been agreed upon, and praying judgment for the same. The defendants appeared specially for the purpose of moving for a quashal of the service of summons on the grounds that (1) the court had no jurisdiction over the defendants because the domicile of the St. Francis Levee Board is in Crittenden County in which county it was suable and not elsewhere; (2) because service was not had on the proper officer of the board.

The court overruled the motion of defendants, whereupon answer was filed preserving therein the objection to the jurisdiction of the court. The case proceeded to trial, which resulted in a judgment in favor of

the intervening landowners for the amount which the board had previously agreed to pay. To the finding and judgment of the court, defendant district excepted, prayed an appeal to this court, which was granted by the court below.

This proceeding is an application for a writ of certiorari to the end that the decree be vacated and held for naught on the contention that the court below had no jurisdiction for the reasons set up in its motion in the trial court to quash the service.

It appears that the petitioners and respondent are agreed that the domicile of the levee board is in Crittenden County, and therefore the courts of that county alone have jurisdiction of action against St. Francis Levee District except in cases where the district submits to the jurisdiction of other courts. This question we pass without deciding.

The petitioners treat the intervention as an independent proceeding and contend that the suit must have been brought in Crittenden County and not elsewhere. They next contend that, if the cause was properly triable in the Lee Chancery Court, it was necessary for them to be brought into court on the cross-complaint by having a summons issued and served as provided by § 1204 of Crawford & Moses' Digest.

The respondent contends that the question of jurisdiction was waived; first, by consenting to the hearing by the chancellor of the cause in vacation, and, second, by praying an appeal in the court below.

The intervention is not an independent proceeding, but is ancillary and supplemental to the main case. The landowners of Pecan Point were those to whom the Levee District was to pay the sum agreed upon. The complaint filed by Mixon sought to prevent the consummation of this agreement, and a decree in accordance with the prayer of his complaint would necessarily effect the rights of the landowners. They were therefore interested parties—in fact, the real parties in interest—and the court, upon a discovery of their rights, would have ordered them brought into court. Section 1101, Crawford & Moses' Digest. *Thompson* v. *Grace*, 91 Ark. 52, 120 S. W. 397.

Intervention is not a common-law right, but has long been recognized by the courts upon the principle that a party should be permitted to do that voluntarily which, if known, a court would require to be done. In the original or main suit the petitioners here voluntarily submitted to the jurisdiction of the court by entering their appearance and filing an answer. Obviously, it did not occur to the levee board at that time that the Lee Chancery Court did not have jurisdiction to try an action against the levee district. It was only after the parties principally to be affected intervened that it was deemed necessary to object to the jurisdiction of the court, but it was then too late. If it be conceded that the landowners by an independent suit could sue the levee district in Crittenden County only, that did not prevent them from intervening in a suit in which they were interested in the subject-matter, where jurisdiction over the persons of the defendants had already been acquired. ''Where jurisdiction would not obtain in an independent suit, an intervening proceeding may nevertheless be maintained as ancillary and supplemental under jurisdiction already subsisting.'' *Rouse* v. *Letcher,* 156 U. S. 47, 15 S. Ct. 266; *Adler* v. *Seaman,* 260 Fed. 828.

Section 1204, Crawford & Moses' Digest, cited to support the contention that there must be process issued and served against the cross-defendant, has no application to proceedings by intervention. That section refers to a defendant already in court, and allows him to file a cross-complaint against persons other than the plaintiff where he has a cause of action affecting the subject-matter of the suit against a co-defendant or a person not a party to the action.

In a suit where there is an intervention, the original parties are already in court, and must take notice of all subsequent proceedings in that action relating to the subject-matter of the suit. This includes intervening petitions. *McLeod* v. *New Albany,* 66 Fed. 378; *Central Trust Co.* v. *Madden,* 70 Fed. 451; *Ball* v. *Red Square, etc., Co.,* 113 Kan. 763, 216 Pac. 422. The cases of *Ringo* v. *Woodruff,* 43 Ark. 496; *Pillow* v. *Sentelle,* 49 Ark. 430, 5 S. W. 783; and *Miller* v. *Mattison,* 105 Ark. 201, 150 S.

W. 710, are not in conflict with the principle announced. These cases hold that, where a cross-complaint is filed, process must issue and be served on the cross-defendant, but in all these cases the one made cross-defendant was a co-defendant with the one filing the cross-complaint, and therefore that procedure is governed by § 1204, *supra*.

We conclude that it was unnecessary to have process issued warning the defendants to appear and answer the cross-complaint of the interveners, and it therefore becomes unnecessary to determine whether such process and service thereof was waived by any affirmative action taken by the defendants as contended for by the respondent.

The writ prayed for is not one of right, but is discretionary with the court to be issued or refused, as the ends of justice may require. We are of the opinion that this is not a proper case in which the writ should be granted, and the prayer of the petition is therefore denied.