Brown *v.* Mifflin.

4-9715                                          246 S. W. 2d 567

Opinion delivered March 3, 1952.

*Robert J. Brown, pro se.*

*H. A. Tucker,* for appellee.

George Rose Smith, J. This is a suit by the appellee to foreclose a mortgage executed by Virginia Brewer

Ahrens upon certain land in the city of Hot Springs. The appellant intervened below and asserted that he had obtained a deed to the property from Mrs. Ahrens, that the plaintiff's mortgage was defectively acknowledged, and that it was therefore subordinate to the intervener's title. The chancellor held that Mrs. Ahrens' deed to the appellant was in fact a mortgage and that as such it was junior to the appellee's mortgage. The decree ordered foreclosure and directed that the proceeds of sale be applied first to the plaintiff's judgment and then to the intervener's judgment, with any surplus to be paid to Mrs. Ahrens.

There is no dispute about what happened prior to Mrs. Ahrens' conveyance to Brown. In 1947 Mrs. Mifflin, the appellee, sold the property to Mrs. Ahrens for $26,000. Mrs. Ahrens paid $10,000 in cash and gave a note and mortgage for the balance of $16,000, payable at the rate of $100 a month. The mortgage given by Mrs. Ahrens is defectively acknowledged in that the notary public erroneously certified that it was Mrs. Mifflin who appeared before him and acknowledged the execution of the instrument. Mrs. Ahrens made payments upon the debt until she defaulted in April, 1950, the unpaid balance then being $13,400. Mrs. Mifflin filed this foreclosure suit in May.

The appellant, Brown, is an attorney to whom Mrs. Ahrens owed $3,000 for past legal services. After the suit was filed Brown conferred with Mrs. Mifflin and her attorney in an effort to arrive at some arrangement by which his claim could be paid out of Mrs. Ahrens' equity in the property. These negotiations were unsuccessful. On July 18, 1950, Mrs. Ahrens conveyed the property to Brown. On the following day Brown recorded the deed and filed the intervention asserting superior title to the land.

The chancellor was right in regarding Brown's deed as a mortgage. While Mrs. Ahrens testified that the deed was given in satisfaction of Brown's claim, the testimony of a party to the litigation need not be considered as

undisputed. Mrs. Ahrens had invested $12,600 in the property, and it is unlikely that she would release this equity to satisfy a debt of only $3,000. Too, it must be remembered that Mrs. Ahrens herself was not in a position to attack the defective acknowledgment, as the Ahrens-Mifflin mortgage was of course good between the parties. There was evidently an inclination to put the title in the name of a third person in the hope of defeating the debt still owed by Mrs. Ahrens upon the purchase price. The fact that the deed was made and recorded and the intervention filed within a period of twenty-four hours confirms the chancellor's belief that the transaction was not a *bona fide* sale for value received.

Brown's claim as a mortgagee is subordinate to that of the appellee. Mrs. Mifflin's mortgage, even with a void acknowledgment, is valid against a voluntary conveyance. *Leonhard* v. *Flood,* 68 Ark. 162, 56 S. W. 781. A creditor who takes a mortgage to secure an antecedent debt is a volunteer and is not entitled to that protection against prior equities that is accorded to a purchaser for value. *Haldiman* v. *Taft,* 102 Ark. 45, 143 S. W. 112; *Miller* v. *Mattison,* 105 Ark. 201, 150 S. W. 710.

Affirmed.