LOVELL *v.* DEMOCRATIC CENTRAL COMMITTEE.

5-1945                                   327 S. W. 2d 387

Opinion delivered September 7, 1959.

[Rehearing denied October 12, 1959]

*Charles L. Carpenter,* for appellant.

*Glenn G. Zimmerman* and *J. Frank Holt,* for appellee.

GEORGE ROSE SMITH, J. This suit was brought by the Pulaski County Democratic Central Committee and the County Board of Election Commissioners for a declaratory judgment as to the constitutionality of Act 176 of 1959. The complaint alleges that the validity of the act must be determined so that the plaintiffs may know whether they should call and conduct municipal elections in North Little Rock in 1959. The appellants, as residents and taxpayers of the city, intervened to attack the constitutionality of the act, and several of the city's elected officers intervened to defend the statute. This appeal is from a decree holding that Act 176 is valid and that therefore no municipal elections need be held in North Little Rock this year.

The appellants' principal contention is that the act constitutes local legislation, in violation of Amendment 14 to the Arkansas constitution. It was formerly the rule that the mayor, aldermen, and other officers of all cities of the first class were elected for two-year terms, with about half of these officers being elected each year. Ark. Stats. 1947, §§ 19-1002, 19-1004, and 19-1015. Act 176 provides that in cities of the first class which have a mayor-council form of government and which may now or hereafter have a population of more than 50,000 the city officials shall be elected for four-year terms,

with elections to be held only in even-numbered years. It is conceded that the act now applies only to North Little Rock, for the mayor-council form of government does not prevail in Little Rock or Fort Smith, which are the only other cities having more than 50,000 inhabitants.

We are unable to say that the legislative classification is so arbitrary as to compel the conclusion that it was selected as a means of disguising local legislation in general language. The controlling question is whether the classification bears a reasonable relation to the purpose of the law; that is, whether there is a sound basis for having four-year terms of office in the larger cities and two-year terms in the smaller ones. *Simpson* v. *Matthews,* 184 Ark. 213, 40 S. W. 2d 991; *Mankin* v. *Dean,* 228 Ark. 752, 310 S. W. 2d 477. It is a matter of common knowledge that the principal officers of metropolitan governments must devote all or substantially all of their working hours to the performance of their public duties, while in the smaller communities a municipal office is ordinarily a part-time job that is not the incumbent's principal livelihood. In view of these differing conditions the legislature may well have concluded that the stability of a four-year term of office is necessary, or at least desirable, as a means of attracting the best qualified candidates for office in the state's largest cities. If the legislators reached that conclusion— and the familiar presumption of constitutionality requires us to act on that assumption—it cannot fairly be said that their position is capriciously taken.

The appellants seek to bolster their argument by showing that on the day before the bill which became Act 176 was introduced in the legislature there was defeated a proposal which would have created four-year terms of office in *all* cities of the first and second class having a mayor-council form of government. We are not impressed by the notion that the defeat of the earlier bill somehow demonstrates that the General Assembly adopted Act 176 as a means of legislating for North Little Rock alone. In the construction of a bill that has

become law little weight can be attached to the fact that some different measure was defeated at the same session of the legislature. See *State* v. *Lancashire Fire Ins. Co.,* 66 Ark. 466, 51 S. W. 633, 45 L. R. A. 348; *Jefferson* v. *U. S.,* 4th Cir., 178 F. 2d 518, aff'd 340 U. S. 135. Here the only reasonable inference to be drawn from the disposition of the two bills is that the legislature did not think it advisable to provide longer terms for all city officers and yet did consider that provision appropriate in the case of cities having a population of more than 50,000. That is the literal difference between the two measures, and we can think of no reason for reading into the situation a legislative determination to circumvent the constitution.

The appellants also complain of the fact that the abolition of municipal elections in 1959 will result in extending until 1960 the terms of those officers who were elected in 1957. It is evident, however, that the change from two-year terms to four-year terms and from annual elections to biennial elections can hardly be accomplished without either extending some of the terms for a year or reducing some of them by a year. As between the two choices the extension of time may well have been chosen by the legislature in an effort to avoid injustice to those who had been elected to office. In any event the choice clearly falls within the rule that a reasonable change in the beginning of terms, as an incident to a change in the date of elections, is not forbidden by the constitution. *Hendricks* v. *Hodges,* 122 Ark. 82, 182 S. W. 538.

We think it unnecessary to discuss the appellants' remaining contentions, which we find to be without merit.

Affirmed.