SCHULTE *v.* WALTHOUR.

5-3582                                                393 S. W. 2d 242

Opinion delivered June 7, 1965.

[Rehearing denied September 20, 1965.]

*Warren & Bullion,* for appellant.

*H. B. Stubblefield,* for appellee.

CARLETON HARRIS, Chief Justice. Melvin Holmes was the contractor in the construction of three houses on properties owned by his wife, Reba Holmes. J. D. Wal-

thour, trustee, appellee herein,[1] held four mortgages on these properties. The Holmeses were financially unable to finish with the construction, and closed down the jobs in October, 1963. Thereafter, the following events occurred:

Walthour filed suit to foreclose his mortgages on October 17, 1963, and summons was served on Mr. and Mrs. Holmes on October 22, 1963, in Faulkner County, their residence. In his suit Walthour not only sought to foreclose the mortgages, but sought priority for the mortgages over Big Rock Stone and Material Company, and Robinson Lumber Company, who were claiming materialmen's liens. These two companies were made parties, and served with summons. W. C. Schulte, appellant herein, was the painting contractor on the jobs, but was not made a party defendant by Walthour.

On October 29, 1963, Schulte filed an Intervention in Walthour's suit, and summons was issued and served upon Walthour, and summons was issued for the Holmeses, but a *non est* return was made. On November 14, Schulte obtained an order permitting him to intervene in the litigation. Walthour filed an answer to the Intervention, denying appellant's right to a lien. Thereafter, Walthour, with the permission of all the parties, advanced sufficient money to complete the construction of the houses. By agreement with appellee, Schulte completed the painting, and on February 28, 1964, was paid $250.00 by Walthour, to be credited upon the amount claimed by Schulte under his original contract, said amount being $1,245.00. In the meantime, on February 12, Mr. and Mrs. Holmes had formally entered their appearance in the suit as to Big Rock. Subsequently, the court entered its decree, rendering judgment for Walthour, and ordering the property sold. The order directed that the proceeds of the sale be paid into the registry of the court, in order to give the lien claimants the opportunity to establish any amounts due them. Thereafter, a final decree was entered, in which the court

---

[1] The suit was instituted by "J. D. Walthour, Trustee, and J. D. Walthour (individually)." The singular term, "appellee," will be used in this opinion.

held that Schulte's "Intervention does not relate to the subject matter of this action, and that said Intervenor does not have any lien, but is entitled to judgment against Melvin C. Holmes and Reba M. Holmes for nine hundred ninety-five ($995.00) dollars." From this final decree appellant brings this appeal.

The amount of the alleged mechanics' and material-men's lien is not disputed, nor is it disputed that the Intervention was filed within one hundred twenty days of the date of the furnishing of the last material. Admittedly, no service was had upon Mr. and Mrs. Holmes when the Intervention was filed by appellant (a *non est* return being made), and the principal question is whether it was necessary that service be had on the owner and contractor before a lien could be claimed by virtue of the filing of the Intervention. Appellant contends that, under our decisions, service is not necessary where the Intervention is filed with the permission of the court. Appellee contends to the contrary. The filing of this pleading (if service were unnecessary) obviated the necessity of complying with the provisions of Ark. Stat. Ann. § 51-613 (Supp. 1963) as to filing claim for lien. *Plant* v. *Cameron Feed Mills*, 228 Ark. 607, 309 S. W. 2d 312, and cases cited therein.

In 67 C.J.S. "Parties," Section 67(d), it is pointed out that some jurisdictions require notice from an Inter-venor to original parties that the Intervention has been filed, but other jurisdictions do not require such notice, but hold that a defendant, once served, is bound to take notice of pleadings filed by new parties. Among states mentioned, as holding that service of process on an original defendant is unnecessary, is our own state.

In *Board of Directors of St. Francis Levee District* v. *Raney,* 190 Ark. 75, 76 S. W. 2d 311, this court said:

"The intervention is not an independent proceeding, but is ancillary and supplemental to the main case. The landowners of Pecan Point were those to whom the Levee District was to pay the sum agreed upon. The complaint filed by Mixon sought to prevent the consummation of

this agreement, and a decree in accordance with the prayer of his complaint would necessarily effect the rights of the landowners. * * *

"Intervention is not a common-law right, but has long been recognized by the courts upon the principle that a party should be permittted to do that voluntarily which, if known, a court would require to be done. In the original or main suit the petitioners here voluntarily submitted to the jurisdiction of the court by entering their appearance and filing an answer. * * *

"* * * If it be conceded that the landowners by an independent suit could sue the levee district in Crittenden County only, that did not prevent them from intervening in a suit in which they were interested in the subject-matter, where jurisdiction over the persons of the defendants had already been acquired. 'Where jurisdiction would not obtain in an independent suit, an intervening proceeding may nevertheless be maintained as ancillary and supplemental under jurisdiction already subsisting.' (Citing cases.)

"Section 1204, Crawford & Moses' Digest,[2] cited to support the contention that there must be process issued and served against the cross-defendant, has no application to proceedings by intervention. That section refers to a defendant already in court, and allows him to file a cross-complaint against persons other than the plaintiff where he has a cause of action affecting the subject-matter of the suit against a co-defendant or a person not a party to the action.

"In a suit where there is an intervention, the original parties are already in court, and must take notice of all subsequent proceedings in that action relating to the subject-matter of the suit. This includes intervening petitions. (Citing cases.) * * *".

Likewise, in *Arkansas Bonding Company* v. *Harton*, 191 Ark. 665, 67 S. W. 2d, 52, we again said:

---

[2] This statute is presently Ark. Stat. Ann. § 27-1134 (Repl. 1962).

"Appellant complains that the judgment by default was rendered without summons having been issued on the intervention or served on it, and it had no notice that the intervention had been filed. This would be of no avail to the appellant. An intervention is not an independent proceeding where it is against the plaintiff in the original action, but is ancillary and supplemental to the main case. In a suit where there is an intervention, the original parties are already in the court and must take notice of all subsequent proceedings relating to the subject-matter, including intervening petitions."

We think appellant properly intervened in the litigation, since he was interested in establishing his lien, the same as the other two lien claimants, and his lien could only be satisfied through a sale of the houses, which the Chancellor ordered sold. The trial court was evidently not disturbed by the failure of appellant to obtain service on Mr. and Mrs. Holmes, for a personal judgment was rendered in favor of Schulte against those two; however, the court held that Schulte was not entitled to a lien, and refused to permit appellant's claim to be satisfied from the money which had been paid into the registry of the court (from the sale of the property).

Let it be pointed out here that no complaint is being made by Mr. and Mrs. Holmes; they apparently were not interested in how the money was distributed among the other claimants. No relief was sought by them. Appellee *was* served with a summons, and, on the record, was aware at all times of the contention advanced by Schulte.

It is also interesting to note that Schulte completed his painting contract after Walthour, took over the construction, and, in fact, appellee paid $250.00 to appellant on February 28, 1964, said sum applying on the indebtedness due under Schulte's original contract with the Holmeses. This amount reduced Schulte's claim from $1,245.00 to $995.00.

Summarizing, this is not a case wherein a new party was brought into a lawsuit, or where the determination

of an unrelated issue was being sought. Walthour's original action essayed, *inter alia,* to establish priority of liens between himself, as mortgage holder, and the lien holders, Big Rock and Robinson Lumber Company. Accordingly, it was entirely in order for the court to permit appellant to intervene, since the same property was involved, and since his claim presented the same legal question.

Mr. and Mrs. Holmes were parties to the litigation, and the Chancellor rendered judgment against them in favor of appellant. Under our cases, and the facts in this litigation, it would appear that the lien contended for by appellant was established.

Reversed.