Harlan A. WEBER *v.* David PRYOR,
Governor, et al

75-337                                                531 S.W. 2d 708

Opinion delivered January 26, 1976

*McArthur, Lofton & Wilson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Scott Stafford,* Asst. Atty. Gen., for appellees.

*Warren & Bullion,* for intervenors, Forrest Rozzell, Lloyd George and James L. Shaver Jr.

GEORGE E. CAMPBELL, Special Chief Justice. This action was commenced by the appellant challenging solely the constitutionality of Section 5 of Act 325 of the 1975 General Assembly. Act 325 abolishes, effective January 1, 1979, the existing circuit and chancery court districts and establishes the State Board of Judicial Apportionment. The legislation is comprehensive in nature. The Board is charged, under certain limitations, with the responsibility of designating new circuit and chancery court districts and apportioning judges among the several districts.

While this action deals only with chancery courts we note that Act 325 also deals with circuit districts consistent with the duties imposed on the General Assembly by Article

7, Section 13, of the Constitution of 1874, to provide for convenient circuits for the courts.

Section 5 of Act 325 provides, in part, for the extension of the terms of office of chancery judges which would have expired December 31, 1976 to an expiration date of December 31, 1978. It is undisputed that Section 5 affects only the terms of three chancery judges. The Section, in effect, establishes a system of uniform expiration dates for the terms of chancery judges in the reapportioned districts for the State as a whole. We find Section 5 to be constitutional.

Certain other citizens and taxpayers were permitted by the Chancellor to intervene and sought additional relief from the trial court by way of a declaratory judgment that Act 325 was valid in its entirety. The Chancellor was correct in deciding that the intervenors could not enlarge the issues presented by the appellant's complaint. *Grayson* v. *Arrington,* 225 Ark. 922, 286 S.W. 2d 501; and *Schulte* v. *Walthour,* 239 Ark. 627, 393 S.W. 2d 242.

The appellant urges that chancery courts are "constitutional courts" and legislation may not alter the terms of office of the judges. Further, appellant argues that there is an inherent right of the people to elect their judicial officials at stated intervals which, apparently once fixed, can never be changed.

Chancery courts since the Constitution of 1836 have been subject to legislative control, rather than limited by constitutional provision, as to the terms of office of chancery judges. See Article 6, Section 1, Constitution of 1836. The earliest separation of the chancery jurisdiction was by Act of January 15, 1855, establishing a separate court of chancery at Little Rock. The judge of this court was appointed by the Governor for a four-year term, subject to confirmation by the Senate.

The language of the Constitution of 1836 was substantially carried forward into the Constitution of 1874, which provides in Article 7, Section 1:

". . . The General Assembly . . . when deemed expedient, may establish separate courts of chancery."

Further in Article 7, Section 15, it is stated:

"Until the General Assembly shall deem it expedient to establish courts of chancery the circuit court shall have the jurisdiction in matters of equity, subject to appeal to the Supreme Court, in such manner as may be prescribed by law."

These 1874 Constitutional provisions clearly create within the General Assembly the power to establish courts of chancery. The power to "establish" necessarily carries with it the power to deal with the complete organization of the courts and, when necessary, to alter or amend for valid purposes. *Buzbee v. Hutton*, 186 Ark. 134, 52 S.W. 2d 647 (which dealt with the power of the General Assembly to alter the term of the chancery clerk of Pulaski County). Section 44 of Article 7 of the Constitution of 1874 in recognizing the existence of the Pulaski County Chancery Court, and permitting the General Assembly to deal with its continued existence, cannot reasonably be read to create a new class of "constitutional courts" so as to deprive the General Assembly of the express powers created by Sections 1 and 15 of Article 7.

A uniform, state-wide system of chancery courts was established by Act 166 of 1903 for which the initial judges were appointed, and subsequent elective terms were established at six years. Read in context, Section 5 of Act 325 seeks to reestablish a uniform time for the election of chancery judges in the newly apportioned districts and is consistent with the general purposes of Act 325. The power to extend legislatively established terms of office, so long as it is reasonable, is within the discretion of the General Assembly. *Lovell v. Democratic Central Committee*, 230 Ark. 811, 327 S.W. 2d 387. Nothing in the record indicates any effort on the part of the General Assembly to punish or reward any judicial officer, or unreasonably extend a term of office.

The decree is affirmed.

HARRIS, C.J., not participating.